356 So.2d 1342 (1978)
Delida HERNANDEZ and Matias Hernandez, Appellants,
v.
TRAVELERS INSURANCE COMPANY et al., Appellees.
No. 77-1796.
District Court of Appeal of Florida, Third District.
April 4, 1978.
*1343 Stabinski, Funt, Tucker & Levine, Miami, for appellants.
Adams, George, Schulte & Ward and Amy Shield Levine, Ratiner & Glinn, Friedman & Lipcon, Miami, for appellees.
Before PEARSON, HUBBART and KEHOE, JJ.
PEARSON, Judge.
This appeal concerns the right of an insurance company, which may be liable to several persons because of the negligence of its insured, to file an action in the nature of a bill of interpleader. We hold that such an action may not be maintained in Florida. See Manchester Insurance & Indemnity Co. v. Mathews, 312 So.2d 777 (Fla.2d DCA 1975). Because the appellee, Travelers Insurance Company, urges that the authority cited is not applicable, we must briefly set out the factual background.
On August 27, 1975, Juana Serra Castro was involved in an automobile accident while driving a vehicle, insured by Travelers, with the insured's permission. As a result of this accident, Travelers received claims against its policy for personal injury damages and was a named defendant in several lawsuits as well as receiving notice of a potential claim from another passenger in the insured's vehicle.
Since Travelers was unable to determine the respective amounts to be paid from the aforesaid policy, it instituted an interpleader action pursuant to Fla.R.Civ.P. 1.240. The complaint prayed that (1) the parties who had instituted actions be required to interplead and litigate between themselves on the respective rights to the proceeds of the insurance policy, (2) the plaintiff be discharged from all future liability under the insurance policy to the claimants named as defendants in the interpleader action, (3) these aforesaid defendants be restrained from instituting and proceeding with any action against the plaintiff for recovery of the proceeds of the insurance policy, and finally prayed for (4) a judgment for attorneys' fees and costs incurred.
The Hernandezes moved to dismiss upon the grounds that the pleading filed by the plaintiff was not a complaint for interpleader as alleged, that the action was in the nature of a bill of interpleader rather than one of strict interpleader filing, and that no such cause of action existed in Florida. The court denied defendants' motion to dismiss.[1]
*1344 In Paul v. Harold Davis, Inc., 155 Fla. 538, 20 So.2d 795 (1945), the Supreme Court was faced with the issue of whether interpleader was appropriate under the circumstances presented. In that case, an employer was seeking the remedy of interpleader because it owed one of two employees a commission from a sale. In the course of holding that the case was inappropriate for interpleader because the employer was not a mere disinterested stakeholder, the Court stated that an essential prerequisite to an interpleader is that the stakeholder "should actually be liable to only one of the claimants." 20 So.2d at 796. The court further stated that the purpose of an interpleader is not to prevent the risk of two recoveries being made but rather to prevent the vexation of two suits.
We hold that Manchester Insurance & Indemnity Co. v. Mathews, 312 So.2d 777 (Fla.2d DCA 1975) is controlling because when an individual (in this case an insurance company) has potential liabilities in varying amounts to several other individuals, the reason for interpleader does not exist. The individual having the liability may be convenienced but the prospective claimants will not be so convenienced because the claimants are deprived of the right to pursue their own claims and are forced into antagonistic positions with the other claimants. The courts may well find it more convenient to try the claims separately than to deal with the hodgepodge that the enjoining of separate suits might create.
The plaintiff insurance company has only the derivative liability from its insured. One of its liabilities is to defend its insured in the courts. It may not discharge that liability by depositing a sum of money and saying to the courts, "divide it up." If the defendants were all claiming the proceeds of a single fund and liability could exist as to only one of the claimants, an interpleader would be appropriate. In the present cause, one action cannot determine the entire controversy and liability may exist as to more than one claimant.
The trial court erred in denying the motion to dismiss. In our view, the appellants' second point also presents reversible error in that the order appealed granted plaintiffs' claimed relief without giving the defendants an opportunity to answer the complaint. Accordingly, the order denying defendant's motion to dismiss is reversed and the cause remanded with directions to dismiss the complaint.
Reversed and remanded.
NOTES
[1] That the Defendants' Motion to Dismiss be and the same is hereby denied.
"2. That the Interpleader filed by TRAVELERS INSURANCE COMPANY is hereby validated and affirmed by this Court.
"3. That within forty-five (45) days of the date of this Order, TRAVELERS INSURANCE COMPANY shall deposit THIRTY THOUSAND AND NO/100 ($30,000.00) DOLLARS in the registry of the Court."