391 So.2d 258 (1980)
Momcilo VELICKOVICH and Zorica Velickovich, His Wife, Appellants,
v.
Roland RICCI and Gloria M. Ricci, His Wife, Appellees.
No. 80-52.
District Court of Appeal of Florida, Fourth District.
November 26, 1980.
Rehearing Denied January 7, 1981.
*259 Charles W. Musgrove, West Palm Beach, for appellants.
Bosso & Bosso, Riviera Beach, and Larry Klein, West Palm Beach, for appellees.
BERANEK, Judge.
This is an appeal by defendant/landowners from a final judgment which granted a mandatory injunction requiring appellants to remove a five-foot concrete block wall from their real property. We affirm.
A deed restriction governing the real estate provided that no building, including a fence, could be constructed without first submitting the plans and specifications to a designated committee for approval. Immediately after appellants began construction of the wall, a neighbor brought the deed restriction to their attention and objected to the wall because it substantially impaired his waterfront view. The appellants had not complied with the deed restriction by seeking committee approval. Suit was filed against appellants by the neighbor to enjoin construction of the wall.
The reasonableness of the deed restriction which provided a review procedure and for arbitration of disputes is not here challenged and was not contested before the trial court. At the time of the hearing for a temporary injunction, the wall was approximately 25 to 30% complete. As the lower court noted, appellants completed the wall with full knowledge of the deed restriction after the litigation had been instituted. Appellants had been warned that they proceeded with construction at their own risk.
On appeal it is asserted that appellees had an adequate remedy at law for damages thus an injunction was improper relief and further that a balancing of conveniences militated against the granting of an injunction. The decisional law is to the contrary, and we find no demonstration of reversible error or any abuse of discretion. Injunctive relief is a proper means of enforcing a restrictive covenant affecting real estate. Pilafian v. Cherry, 355 So.2d 847 (Fla. 3d DCA 1978), cert. denied 361 So.2d 834 (Fla. 1978); Thompson v. Squibb, 183 So.2d 30 (Fla. 2d DCA 1966), and Coffman v. James, 177 So.2d 25 (Fla. 1st DCA 1965). Because of the unique nature of each piece of real property, violations of restrictive covenants cannot be easily remedied by money damages. Coffman v. James, supra. Here, there was also substantial evidence that the plaintiff's property was diminished in value by his neighbor's wall. The cost of removing the wall was less than the diminishment in value thus the balancing of relative conveniences test is inapplicable.
Appellants also assert the trial court erred in taxing costs. The attack on the order taxing costs has an independent basis in that appellants argue the costs arose from certain depositions which were not introduced into evidence. We have no jurisdiction to consider this issue. The final judgment was entered and thereafter a notice of appeal was filed. Eight days after the filing of the notice of appeal, the court *260 entered the order taxing costs. No notice of appeal or amended notice of appeal was filed directed to the order taxing costs. As such, we conclude we do not have jurisdiction to review it. This court cannot review judicial acts of a trial court taking place after the filing of a notice of appeal unless those judicial acts are themselves made the subject of a new notice of appeal or other appropriate appellate proceedings. Geraci v. Kozloski, 377 So.2d 811 (Fla. 4th DCA 1979). Florida Rule of Appellate Procedure 9.110(h) provides:
(h) Scope of Review. The court may review any ruling or matter occurring prior to filing of the notice. Multiple final orders may be reviewed by a single notice, if the notice is timely filed as to each such order.
Here, the single notice of appeal was timely as to the final judgment but not timely as to the final order taxing costs. We do not consider the notice of appeal a proper premature notice in accordance with Williams v. State, 324 So.2d 74 (Fla. 1975).
AFFIRMED.
ANSTEAD and HERSEY, JJ., concur.