593 So.2d 593 (1992)
CMR DISTRIBUTORS, INC., a Florida Corporation, Carlos Rodriguez, and Rosa Rodriguez, Appellants,
v.
The RESOLUTION TRUST CORPORATION, as Conservator for Professional Federal Savings Bank, Appellee.
No. 91-2929.
District Court of Appeal of Florida, Third District.
February 11, 1992.
Kelly Black Black Byrne Beasley Bales & Ross, P.A., and Lauri Waldman Ross, Miami, for appellants.
Concepcion DeGrandy & Sexton, Coral Gables, and Lillian Valdespino, Miami, and Carlos Concepcion, Coral Gables, for appellee.
Before BASKIN, JORGENSON and LEVY, JJ.
JORGENSON, Judge.
Carlos and Rosa Rodriguez appeal from a nonfinal order denying their motion to dismiss an interpleader action. Because the order is injunctive in nature and because the trial court effectively seized and froze the Rodriguez' assets prior to judgment, we reverse.
The Resolution Trust Corporation [RTC], as conservator for Professional Savings Bank, sued CMR Distributors, Inc., on a promissory note. The Rodriguezes were sued as guarantors. In a renewal note, the guarantors had given to the bank the right to set off, against the amount owed, any deposits they had with the bank. The renewal note specified that the right to set off did not apply to any IRA account or other tax deferred retirement account. The Rodriguezes are fiduciaries for the participants in the CMR Distributors, Inc. Profit Sharing Plan; the res of the plan consists of two certificates of deposit.
RTC sought to have the proceeds of the plan deposited into the registry of the court, questioning the tax exempt status of the plan. RTC expressed concern that the res of the plan would be withdrawn by the participants before judgment, destroying the right of set-off. The trial court denied the motion.
CMR then declared bankruptcy. RTC filed an amended complaint that included a count for interpleader of the certificates of deposit that comprised the res of the pension plan. As a basis for the interpleader action, RTC alleged that because CMR had *594 filed for bankruptcy, the trustee in bankruptcy had a potential claim to the certificates of deposit and that competing claims to the same fund therefore existed. The Rodriguezes immediately moved to dismiss the interpleader action. The trial court denied the motion and ordered the proceeds of the pension fund deposited into the registry of the court. The Rodriguezes appeal the order denying their motion to dismiss.
We have jurisdiction to review the order pursuant to Fla.R.App.P. 9.130(a)(3)(B), which allows review of nonfinal orders that "grant, continue, modify, deny or dissolve injunctions." We recognize that, as a general rule, this court has no jurisdiction to entertain an appeal from an order denying a motion to dismiss a complaint. Fineman v. Greenberg, 575 So.2d 1310 (Fla. 3d DCA 1991). However, even though the order on appeal denies a motion to dismiss, it effectively restrains, prior to the entry of judgment, the funds of the guarantors. An order requiring the deposit of funds into the registry of the court prior to judgment is, in effect, an order granting an injunction and is thus reviewable under Fla.R.App. P. 9.130(a)(3)(B). Konover Realty Assoc. v. Mladen, 511 So.2d 705 (Fla.3d DCA 1987). The order on appeal is thus reviewable as an interlocutory order. See e.g., Hernandez v. Travelers Ins. Co., 356 So.2d 1342 (Fla.3d DCA 1978) (district court of appeal entertained, without discussion of jurisdiction, appeal from order denying motion to dismiss interpleader).
The trial court erred in requiring the deposit of the pension fund into the registry of the court. "It is entirely settled by a long and unbroken line of Florida cases that in an action at law for money damages, there is simply no judicial authority for an order requiring the deposit of the amount in controversy into the registry of the court ... or indeed for any restraint upon the use of a defendant's unrestricted assets prior to the entry of judgment." Konover Realty Assoc., 511 So.2d at 706. See also, Oxford Int'l Bank & Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54, 56 (Fla. 3d DCA 1979) (injunction improperly froze proceeds of bank account pending outcome of suit for money damages; "contingent, unproven, and disputed claim" not sufficient to satisfy "clear legal right or interest requirement" for obtaining injunctive relief), cert. dismissed, 383 So.2d 1199 (Fla. 1980). The RTC's suit on the promissory notes and the guarantees remains pending; the count for interpleader in the amended complaint was clearly an improper attempt to secure a prejudgment attachment following its unsuccessful motion to have the pension funds deposited into the court's registry. The RTC's assertion that its right to set-off would be compromised by a release of the pension funds is not sufficient to justify a restraint of those funds and "confuses the question of the ability to obtain a judgment with the question of the ability to satisfy a judgment." Oxford Int'l Bank & Trust, Ltd., 374 So.2d at 56.
Reversed and remanded with directions to dismiss the count for interpleader and release the fund from the court's registry.