COBB, Judge.
The issue on this appeal concerns the correct interpretation of section 743.07(2), Florida Statutes (1991). The parties’ marriage was dissolved in 1987 and on February 26, 1992, the former wife filed a supplemental petition for modification of the final judgment basically alleging changed circumstances and asking for increased child support payments for her two children. Additionally, the former wife requested an extension of child support for her son, since it was alleged that he had “severe emotional problems” and would soon "turn 18.
The trial court increased the child support for the two children, but denied the former wife’s request to extend the son’s child support past age 18, finding that the statutory criteria had not been adequately met:
D. That although the former wife was able to show i) mental illness of the child, Thomas Smart, ii) that such mental illness commenced prior to the child’s reaching 18 years of age, and iii) that due to such mental illness, the child remains dependent upon the former wife for support, the statutory criteria for continuing child support past the age of 18 years for the child, Thomas Smart, has not been met because it was not shown that this child would graduate high school prior to reaching the age of 19 years....
The former wife contends, and we agree, that section 743.07(2) creates two separate situations upon which child support may be extended beyond the age of 18. First, where a child is dependent due to mental or physical incapacity that began prior to age 18 and secondly, where a child is, in fact, dependent but still in high school and attempting to graduate before age 19.
Accordingly, the final judgment on modification is reversed in part and remanded for reconsideration of the extension of child support. The trial court will also need to revisit arrearages. The final judgment is affirmed in all other respects.
AFFIRMED IN PART; REVERSED IN PART.
W. SHARP and GOSHORN, JJ., concur.