641 So.2d 493 (1994)
William S. ROSASCO, Appellant,
v.
Glenda ROSASCO, Appellee.
No. 93-4033.
District Court of Appeal of Florida, First District.
August 22, 1994.
*494 T. Sol Johnson and Julie L. Jones of Johnson, Green & Locklin, P.A., Milton, for appellant.
E. Jane Brehany of Myrick, Silber & Davis, P.A., Pensacola, for appellee.
ZEHMER, Chief Judge.
William Rosasco, the Husband, brings this interlocutory appeal from a non-final order in a dissolution of marriage action. The order requires him to escrow proceeds from a land auction until an amount of attorney's fees owed to the attorney of Glenda Rosasco, the Wife, is established by the court.[1] Because there is no authority for the trial court to enter what in essence is an injunction under the circumstances of this case, we reverse.
In the final judgment of dissolution, the trial court expressly recognized the parties' antenuptial agreement which provides, in relevant part, that in the event of dissolution, the Husband agrees to pay the Wife's attorney's fee. The court awarded to the Husband the exclusive use, ownership, and possession of all property owned by him prior to the marriage, and, pursuant to the antenuptial agreement, awarded to the Wife a $10,000 lump sum payment in lieu of alimony and a reasonable attorney's fee; but the court reserved jurisdiction to determine the amount of the fee.
The Wife's attorney sought an award of fees and costs in excess of $50,000, an amount vigorously contested by the Husband. Although a hearing in regard to the fee was originally scheduled for December 10, 1993, a motion for continuance was filed and discovery is incomplete. In the meantime, on October 27, 1993, the Wife's attorney filed a Motion for Temporary Escrow of Funds. The motion was prompted by a notice published in the local newspaper that the Husband intended to auction 833 acres of real property owned by him. The motion stated that the Wife's sole intent was to require the escrow of sufficient amounts to pay her attorney's fee and costs, and to cover the $10,000 lump sum payment. No testimony was taken at the hearing on the motion, and the matter was decided on the basis of counsel's argument presented to the court. The court ordered that $51,000 must be placed in an escrow account by the Husband. Although requested by the Husband, the court declined to require the Wife to post a bond. The court predicated its ruling on rule 9.600, Florida Rules of Appellate Procedure, and explained that the escrow of funds was necessary to protect the welfare and rights of the Wife pending her appeal of the final judgment. We agree with the Husband that this rule does not support the court's order.
Rule 9.600(c) provides in pertinent part:
In dissolution of marriage actions, the lower tribunal shall retain jurisdiction to enter and enforce orders awarding separate maintenance, child support, alimony, or other awards necessary to protect the welfare and rights of any party pending appeal, including costs and attorneys' fees.

(Emphasis added.) The Wife presented no evidence establishing that her welfare and interests were endangered; she only presented her counsel's unsworn and unverified allegations that he feared proceeds from any possible sale of the property would be dissipated. The court made no specific findings of fact on this matter.
Because the order under review required the Husband to accomplish the affirmative act of placing certain funds in an escrow account and thereby lose control and use of the funds pending the resolution of this litigation, the trial court's order is in the nature *495 of an injunction. CMR Distributors, Inc. v. Resolution Trust Corporation, 593 So.2d 593 (Fla. 3d DCA 1992); Konover Realty Associates, Ltd. v. Mladen, 511 So.2d 705 (Fla. 3d DCA 1987). As such, it was incumbent upon the wife to show: (1) irreparable harm; (2) no adequate remedy at law; (3) a clear legal right to relief; and (4) that the temporary injunction would serve the public interest. See Gooding v. Gooding, 602 So.2d 615 (Fla. 4th DCA 1992). The Wife has failed to carry that burden.
The Wife's claim of irreparable harm is based on the unsubstantiated allegation that the Husband is deliberately divesting himself of all property before an amount for fees is established by the court. The assertion of this conclusion does not meet the requirement that the movant state specific facts showing that immediate and irreparable damage would result should the injunction not issue. Hathcock v. Hathcock, 533 So.2d 802 (Fla. 1st DCA 1988).
In addition, the Wife did not establish by competent evidence that no other adequate remedy at law exists, since there is in fact a choice between the ordinary processes of law and the injunction. Konover Realty Associates. Here, the Wife has an adequate remedy at law to enforce any order or judgment awarding fees and costs that she might obtain in the future. Barclays American Mortgage Corp. v. Holmes, 595 So.2d 104 (Fla. 5th DCA 1992).
Furthermore, the Wife did not demonstrate a clear legal right to the relief requested. A disputed and contingent claim for fees does not constitute by itself a sufficient basis for injunctive relief. Ramos v. Stabinski & Funt, P.A., 494 So.2d 298 (Fla. 3d DCA 1986). As observed by the court in CMR Distributors, a movant's assertion of a right to a certain amount of money is not sufficient "to justify a restraint of those funds and `confuses the question of the ability to obtain a judgment with the question of the ability to satisfy a judgment.'" 593 So.2d at 594. The Wife attempts to distinguish the holdings in Konover Realty Associates and CMR Distributors on the basis that the rule established therein arose from actions at law for money damages, but we reject this distinction as immaterial. While the Wife, by virtue of the antenuptial agreement and the final judgment of dissolution, clearly has the undisputed right to be paid a $10,000 lump sum and her attorney's fee, the actual amount of the fee is disputed and its reasonableness has not been established in accordance with section 61.16, Florida Statutes, and the dictates of Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990), and Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). The following observation made in Konover Realty Associates is relevant to the fair resolution of this issue:
It is entirely settled by a long and unbroken line of Florida cases that in an action at law for money damages, there is simply no judicial authority for an order requiring the deposit of the amount in controversy into the registry of the court ... or indeed for any restraint upon the use of a defendant's unrestricted assets prior to the entry of judgment.
511 So.2d at 706.
The order under review is REVERSED.
KAHN and BENTON, JJ., concur.
NOTES
[1] We earlier denied the Wife's motion to dismiss the appeal for lack of jurisdiction. "An order requiring the deposit of funds into the registry of the court prior to judgment is, in effect, an order granting an injunction and is thus reviewable under Fla.R.App.P. 9.130(a)(3)(B)." CMR Distributors, Inc. v. Resolution Trust Corporation, 593 So.2d 593 (Fla. 3rd DCA 1992).