667 So.2d 988 (1996)
EASLEY, McCALEB & STALLINGS, LTD., Appellant,
v.
David H. GIBBONS, Appellee.
No. 94-1943.
District Court of Appeal of Florida, Fourth District.
February 14, 1996.
Robert J. Schaffer of Law Offices of Robert J. Schaffer, Coral Gables, for appellant.
Garry W. O'Donnell, Boca Raton, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We grant rehearing and substitute the following opinion in place of the original opinion.
We affirm the final judgment in favor of appellee on appellant's complaint for fraud and breach of contract. In its final judgment, the trial court also determined that the appellee was entitled to his attorney's fees and reserved jurisdiction to award those fees. The appeal was taken from that order, which, according to our prior decisions, was not final as the amount had not been determined. See Demaio v. Coco Wood Lakes Ass'n, 637 So.2d 369 (Fla. 4th DCA 1994); Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994); Scutti v. Daniel E. Adache & Assocs. Architects, 480 So.2d 718 (Fla. 4th DCA 1986). The attorney's fee award becomes final when the amount of the fee is set. In this case, an agreed final order determining the amount of the fee was entered some three months after the notice of appeal was filed. In accordance with City of Tampa v. Fein, 438 So.2d 442 (Fla. 1st DCA 1983), receded from on other grounds, Crittenden Orange Blossom Fruit v. Stone, 492 So.2d 1106, 1110 (Fla. 1st DCA 1986), this matured the notice of appeal from the final judgment on the attorney's fees entitlement issue and vested this court with jurisdiction under the principle of Williams v. State, 324 So.2d 74, 79 (Fla.1975). See also Southern Management & Inv. Corp. v. Escandar, 529 So.2d 355 (Fla. 3d DCA 1988).
This is consistent with our decision in Velickovich v. Ricci, 391 So.2d 258 (Fla. 4th DCA 1980), rev. denied, 402 So.2d 614 (Fla. *989 1981), in which we determined that we had no jurisdiction to consider a later cost judgment rendered after the notice of appeal was filed. In that case, the costs related to matters not presented at trial; we held:
This court cannot review judicial acts of a trial court taking place after the filing of a notice of appeal unless those judicial acts are themselves made the subject of a new notice of appeal or other appropriate appellate proceedings. Geraci v. Kozloski, 377 So.2d 811 (Fla. 4th DCA 1979). Florida Rule of Appellate Procedure 9.110(h) provides:
(h) Scope of Review. The court may review any ruling or matter occurring prior to filing of the notice. Multiple final orders may be reviewed by a single notice, if the notice is timely filed as to each such order.
Id. at 260 (emphasis supplied).
Unlike Velickovich, the ruling sought to be appealed in the instant case was made in the final judgment, prior to the filing of the notice of appeal. Had the appellant wished to appeal the amount of the fees or any other matter ruled on by the court at the attorney's fees hearing, then clearly a new notice of appeal from the order determining the amount of fees proceedings would be necessary. But the notice of appeal on the issue of entitlement remained in limbo until the determination of amount, when it ripened into an appealable final order subject to our review. Had no order assessing the amount of attorney's fees been entered pending our determination of the main appeal, we would have been required to dismiss any challenge to the final judgment's determination of entitlement of attorney's fees, because it would be non-final and non-appealable on that issue. See Winkelman. Of course, a notice of appeal from the order setting the amount of attorney's fees would also bring up the issue of entitlement pursuant to Florida Rule of Appellate Procedure 9.110(h).
On the merits of the issue, we reverse the trial court's order awarding attorney's fees to appellee on the authority of Florida Medical Center, Inc. v. McCoy, 657 So.2d 1248 (Fla. 4th DCA 1995).
GLICKSTEIN, STONE and WARNER, JJ., concur.