671 So.2d 280 (1996)
David CARLSON, Appellant,
v.
Andree CARLSON, Appellee.
No. 95-4390.
District Court of Appeal of Florida, Fourth District.
April 10, 1996.
*281 Matthew S. Nugent, West Palm Beach, for appellant.
Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., and Peggy Rowe-Linn of Peggy Rowe-Linn, P.A., West Palm Beach, for appellee.
PER CURIAM.
The trial court construed a settlement agreement to require former husband to transfer approximately $612,000 in after-tax dollars to former wife. This construction could be supported only if the agreement were ambiguous. However, the trial court held that the agreement was not ambiguous and precluded former husband from presenting testimony that the intent of the parties' settlement was exactly the opposite of the court's interpretation. The ambiguity in the settlement agreement is whether the reference to "cash, investment grade securities" contemplates that such assets, when valued as they exist in retirement accounts, can be transferred to former wife by a qualified domestic relations order to meet former husband's obligation under the agreement.
We reverse and remand to the trial court for a hearing where each side may offer extrinsic evidence on the correct interpretation of the agreement.
STONE, PARIENTE and GROSS, JJ., concur.