KLEIN, Judge.
Former husband sought a downward modification of child support on the ground that his former wife’s income had increased since the dissolution. After hearing evidence that the husband’s income had also increased, as well as evidence that child care costs had increased, the court found that there had been no substantial change in circumstances. We find no abuse of discretion.
We do conclude, however, that the court did abuse its discretion in awarding former wife her attorney’s fees. The husband has no assets, a negative net worth, and, after paying the generous amount of child support agreed to in the settlement agreement, is less financially able to pay attorney’s fees than is the wife. Moreover she has a $60,000 net worth by virtue of the equity in the marital home which she received in the settlement.
In Coppola v. Coppola, 630 So.2d 673 (Fla. 4th DCA 1994), we held that it was an abuse of discretion to order the former husband to pay the former wife’s attorney’s fees, where the equitable distribution was equal and her income, including alimony, exceeded the husband’s.
The wife argues that we have no jurisdiction to review the award of attorney’s fees because the husband only appealed the final judgment which determined entitlement, and not the order setting the amount, which was entered after the notice of appeal from the final judgment was filed. We recently rejected that argument and concluded that where the final judgment determines entitlement to attorney’s fees, entitlement, the issue here, can be raised on an appeal from the final judgment, notwithstanding that the amount was determined in a later order which was not appealed. Easley, McCaleb & Stallings, Ltd., v. Gibbons, 667 So.2d 988 (Fla. 4th DCA 1996).
We affirm the denial of the petition for modification and reverse the order awarding attorney’s fees.
PARIENTE and GROSS, JJ., concur.