679 So.2d 74 (1996)
David WIDOM, Appellant/Cross-Appellee,
v.
Eloise WIDOM, Appellee/Cross-Appellant.
No. 95-1765.
District Court of Appeal of Florida, Fourth District.
September 11, 1996.
*75 Barry S. Franklin of Franklin & Marbin, P.A., North Miami Beach, for appellant/cross-appellee.
Robert W. Sidweber of Robert W. Sidweber, P.A., Sunrise, for appellee/cross-appellant.
POLEN, Judge.
Former husband appeals a final judgment of dissolution of a twenty-two year, two-child marriage. He asserts that the trial court abused its discretion in the overall scheme of equitable distribution, permanent alimony, child support and attorney's fees. Former wife cross-appeals that portion of the final judgment that awards her permanent periodic alimony without making the award retroactive. We affirm in part and reverse in part.
Former husband's share of the equitable distribution included certain bonds, valued at over $60,000.00, held in his and the children's names. The court ordered that the bonds be set aside for the benefit of the children and "enjoined and restrained" former husband from using the bonds for his personal use. In its equitable distribution scheme, the trial court attempted to leave the parties with essentially equal amounts $219,463.00 to former husband and $219,454.00 to former wife. However, the restriction on former husband's use of the bonds effectively failed to distribute this asset to him and created a disparity in the distribution. We agree with former husband, and former wife concedes, that the trial court erred in restricting former husband's use of the bonds. See Marshall v. Marshall, 633 So.2d 464 (Fla. 4th DCA 1994). We remand with directions that the restriction be stricken from the final judgment. Id.
In its final judgment of dissolution, the trial court awarded attorney's fees to former wife and reserved jurisdiction to determine the amount. The order setting the fee amount was entered three months after former husband filed his notice of appeal. Former wife contends that this court lacks jurisdiction to address the attorney fee issue where no notice of appeal was filed from the order determining the award amount.
An attorney's fee award does not become final and ripe for review until the amount is set. Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994). When an order setting the fee amount is entered after the notice of appeal is filed, but prior to a determination of the main appeal, the notice of appeal from the final judgment of dissolution matures and vests the appellate court with jurisdiction to review the entitlement issue. Easley, McCaleb & Stallings, Ltd. v. Gibbons, 667 So.2d 988 (Fla. 4th DCA 1996); Patsy v. Patsy, 670 So.2d 1204, 1205 (Fla. 4th DCA 1996). As this court recently held in Patsy, "where the final judgment determines entitlement to attorney's fees, entitlement, the issue here, can be raised on an appeal from the final judgment, notwithstanding that the amount was determined in a later order which was not appealed." 670 So.2d at 1205. We therefore have jurisdiction to review the final judgment of dissolution determining the former wife's entitlement to her *76 attorney's fees and affirm that award. We do not have jurisdiction to review the amount awarded where the amount was not determined in the final judgment of dissolution and no notice of appeal was filed from the order setting the award amount. See Gibbons, 667 So.2d at 988.
We vacate that portion of the final judgment that prohibited the parties from disposing of their assets pending the determination of the amount of attorney's fees to be awarded. There was no authority for the trial court to enter what in essence was an injunction. Rosasco v. Rosasco, 641 So.2d 493 (Fla. 1st DCA 1994). We recognize that section 61.11, Florida Statutes (1995), provides authority for the trial court to enter an injunction to secure alimony or support when a party is about to leave the state, or conceal or convey property. We also recognize that section 61.11 applies whether a spouse is attempting to dissipate marital assets before or after the final dissolution judgment. See Sandstrom v. Sandstrom, 565 So.2d 914 (Fla. 4th DCA 1990). Here, the prohibition against disposing of assets was to secure attorney's fees, not alimony or support. Section 61.11, Florida Statutes (1995), does not empower the trial court to enter an injunction to secure an attorney's fee award. In addition, there is no indication that either party was about to leave the state or dispose of assets, or that their welfare and interests were otherwise endangered. See § 61.11, Fla. Stat. (1995); Rosasco, 641 So.2d at 494. The trial court did not specify the reason for entry of the injunction in accordance with Florida Rule of Civil Procedure 1.610(c). The amount and reasonableness of the fee had not yet been established when the court restricted the parties' use of their assets. A contingent claim for fees, by itself, is not a sufficient basis for injunctive relief. Rosasco, 641 So.2d at 495.
As to the remaining issues on appeal, and the cross-appeal, we affirm the final judgment of dissolution in all other respects.
DELL and STEVENSON, JJ., concur.