687 So.2d 1358 (1997)
Alexander G. RITCHIE a/k/a George Ritchie, Appellant,
v.
Donna B. RITCHIE, Appellee.
No. 96-0027.
District Court of Appeal of Florida, Fourth District.
February 12, 1997.
*1359 Ronald M. Zakarin of Schwartz, Gold, Cohen, Zakarin & Kotler, P.A., Boca Raton, and Gregg H. Glickstein of Gregg H. Glickstein, P.A., Boca Raton, for appellant.
Colleen M. Crandall of Colleen M. Crandall, P.A., Boca Raton, and Joel Feldman of Joel Feldman, P.A., Boca Raton, for appellee.
PARIENTE, Judge.
The husband appeals from a final judgment raising three issues. We affirm on all issues raised, including the award of attorney's fees to the wife. We write only to address the propriety of our reviewing the award of attorney's fees because apparently, based on the wife's representations, there may be confusion in this area.
In this case, the trial court determined entitlement to attorney's fees in its final judgment, which adjudicated all other issues related to the dissolution of marriage. It reserved jurisdiction to determine the reasonable amount of fees to be awarded. Subsequent to the final judgment of dissolution, the trial court entered a final judgment on attorney's fees, which the husband did not appeal. Because no issues on attorney's fees remain in the trial court, the propriety of the trial court's attorney's fee award is ripe for review. See Widom v. Widom, 679 So.2d 74, 75 (Fla. 4th DCA 1996); Easley, McCaleb & Stallings, Ltd. v. Gibbons, 667 So.2d 988 (Fla. 4th DCA 1996); see also Patsy v. Patsy, 670 So.2d 1204 (Fla. 4th DCA 1996).
Widom, Easley and Patsy do not represent a change of law in this district. We distinguish this case, as well as Widom, Easley and Patsy, from cases where this court has declined, based on ripeness, to exercise its jurisdiction to address the propriety of awarding attorney's fees. See Moreno v. Moreno, 674 So.2d 216 (Fla. 4th DCA 1996); see also Hurtado v. Hurtado, 407 So.2d 627 (Fla. 4th DCA 1981). In Moreno and Hurtado, the entitlement award was part of the final judgment on appeal but there had not yet been a determination of the amount of fees.
All of these cases contrast with Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994). In Winkelman, we concluded we did not have appellate jurisdiction to review a non-final order entered after final judgment because the non-final order determined only entitlement and not the amount of attorney's fees. In that case, the determination of entitlement was in a separate postjudgment order, and we held that we did not have jurisdiction to review the controversy under either Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) or 9.130(a)(4). Id. at 131-32.
Where the determination of entitlement is part of the final judgment, we have jurisdiction pursuant to rule 9.030(b)(1)(A) to review the award; however, we have generally declined to exercise our jurisdiction based on the doctrine of ripeness until the amount has been determined. See Hurtado. We review it here because the amount has been determined, has not been appealed, and entitlement is thus ripe.
Having concluded that the trial court did not abuse its discretion on any of the issues raised on appeal, including the determination of entitlement to attorney's fees, we affirm the final judgment.
POLEN and SHAHOOD, JJ., concur.