696 So.2d 1332 (1997)
David CARLSON, Appellant,
v.
Andree CARLSON, Appellee.
No. 97-0309.
District Court of Appeal of Florida, Fourth District.
July 23, 1997.
*1333 Matthew S. Nugent, West Palm Beach, for Appellant.
Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., and Michael P. Walsh of Michael P. Walsh, P.A., West Palm Beach, for Appellee.
PARIENTE, Judge.
This is a non-final appeal from a trial court's order that approved the findings of a special master. Appellee raises two points on appeal.
The first point on appeal involves the trial court's interpretation of a settlement agreement reached during mediation. We had previously determined that the agreement was ambiguous and reversed and remanded for the trial court to conduct a hearing where each side could offer extrinsic evidence on the correct interpretation of the agreement. See Carlson v. Carlson, 671 So.2d 280 (Fla. 4th DCA 1996).
The trial court's interpretation of the settlement agreement was based on the special master's detailed findings of fact. As this court noted in Reece v. Reece, 449 So.2d 1295, 1295 (Fla. 4th DCA 1984), "the role of the trial court in reviewing the findings and determinations of the master are similar to those of the appellate court in reviewing a trial court's findings and determinations." Because the special master's findings were supported by substantial competent evidence, the trial court properly accepted those findings. See Dent v. Dent, 438 So.2d 903, 904 (Fla. 4th DCA 1983); see also De Clements v. De Clements, 662 So.2d 1276, 1282 (Fla. 3d DCA 1995). Accordingly, we affirm the decision of the trial court.
As to the second point on appeal  entitlement to attorney's fees  we decline to exercise our jurisdiction because the amount of attorney's fees has not been determined and thus the issue is not ripe for our review. See Ritchie v. Ritchie, 687 So.2d 1358 (Fla. 4th DCA 1997). Unlike Ritchie and cases cited in Ritchie, such as Easley, McCaleb & Stallings, Ltd. v. Gibbons, 667 So.2d 988 (Fla. 4th DCA 1996), it has not been brought to our attention that the issue of entitlement has been determined subsequent to the filing of this appeal. Accordingly, we dismiss that portion of the appeal directed to entitlement.
AFFIRMED IN PART; DISMISSED IN PART.
STONE, C.J., and GROSS, J., concur.