832 So.2d 873 (2002)
Mardale ARRAY, et al., Appellants,
v.
John ALBERIGI, et al., Appellees.
No. 5D01-2103.
District Court of Appeal of Florida, Fifth District.
December 6, 2002.
Martin A. Pedata, DeLand, for Appellants.
Stanley M. Sacks & William C. Purcell, Ft. Lauderdale, for Appellees.
THOMPSON, C.J.
Paul S. and Mardale Array appeal an order requiring execution of a mortgage satisfaction and ruling that opposing counsel are entitled to an award of attorney's fees.
In Volusia County, the Arrays sued John and Carol Alberigi for breach of a promissory note. The Alberigis answered, set up affirmative defenses, and countersued. Paul Array dismissed his claim with prejudice, leaving Mardale as the sole plaintiff. Mardale Array moved to exclude certain evidence on the ground that it was irrelevant in view of the voluntary dismissal of Paul Array's claim. Thereafter, according to the Alberigis, the parties agreed to settle the case. Under the settlement agreement, the Alberigis would pay the Arrays $101,000, and Paul Array would execute a satisfaction of a mortgage that was the subject of litigation in Broward County.[1] The Alberigis allegedly informed *874 the Arrays' counsel that the settlement money was in trust and would be transferred to counsel upon the Alberigis' receipt of the mortgage satisfaction.
When Paul Array refused to execute the satisfaction, the Alberigis moved the court for enforcement of the settlement agreement. After an evidentiary hearing, the court granted the motion to enforce the settlement agreement. The court required the Alberigis' counsel's legal assistant to execute a mortgage satisfaction on behalf of Paul Array, ruling that the satisfaction would have the same effect as if executed by Paul Array. The court further ruled that the Alberigis' counsel were entitled to attorney's fees. Although the court made no findings in its order, it is apparent that the court found that a valid agreement had been entered, and that Paul Array had breached the agreement by refusing to execute a mortgage satisfaction. Also, although the court did not state the basis of the attorney's fees award, the parties' arguments center on section 57.105, Florida Statutes.
On appeal, the Arrays contend that the portion of the order awarding attorney's fees must be reversed because it does not state the basis for the award, or set forth findings that there was a complete lack of justiciable issues of law or fact. See e.g., Mahaney v. Sumter Elec. Co-op., Inc., 732 So.2d 373 (Fla. 5th DCA 1999); S.A.B.T.C. Townhouse Ass'n, Inc. v. Schmitz, 565 So.2d 827 (Fla. 5th DCA 1990). They also contend that the evidence does not support the award.
We conclude that we do not have jurisdiction to review the order awarding attorney's fees. An order is final if it constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected. S.L.T Warehouse Co. v. Webb, 304 So.2d 97 (Fla.1974). Here, although Paul Array voluntarily dismissed his claim against the Alberigis, still outstanding is the Alberigis' closely related counterclaim against him and Mardale Array. Furthermore, although in enforcing the agreement the court necessarily ruled that Mardale Array's complaint against the Alberigis had been settled by agreement, the complaint is still outstanding. Thus, the order of entitlement to attorney's fees is not reviewable as a final order. Further, it is not reviewable pursuant to rule 9.130, Florida Rules of Appellate Procedure, which allows review of certain non-final orders, because it is not one of the types of orders enumerated in the rule.
The portion of the order requiring a legal assistant to execute a mortgage satisfaction is cognizable in this appeal because it is in the nature of an injunction. Orders in the nature of injunctions are appealable pursuant to rule 9.130(a)(3)(B). See e.g. CMR Distributors, Inc. v. Resolution Trust Corp., 593 So.2d 593 (Fla. 3d DCA 1992) (order requiring deposit of funds into court registry prior to final judgment is, in effect, order granting injunction and reviewable on appeal); see also Philip J. Padavano, Florida Appellate Practice, § 22.6 at 353 (2001-2002 ed.). Because we conclude that the order is supported by substantial, competent evidence, this portion of the order is affirmed.
DISMISSED in PART; AFFIRMED in PART.
PLEUS and PALMER, JJ., concur.
NOTES
[1] Mardale Array was not a party to the mortgage.