838 So.2d 577 (2002)
Louis George CARRES, Appellant,
v.
Margaret GOOD-EARNEST, Appellee.
No. 4D01-4951.
District Court of Appeal of Florida, Fourth District.
November 20, 2002.
Order Granting Rehearing March 5, 2003.
Louis G. Carres, West Palm Beach, pro se.
Helene Hvizd Morris, West Palm Beach, for appellee.
PER CURIAM.
Pro se appellant, Louis Jorge Carres, the former husband, timely appeals the order of the circuit court of the Fifteenth Judicial Circuit, modifying the final judgment of dissolution, awarding child support, attorney's fees and custody of the parties' child to appellee, Margaret Good-Earnest. We have carefully examined the issues raised on appeal and find no error. In particular, we note that both the petition for modification and the trial court's order[1] adequately state substantial *578 changed circumstances which are involuntary and permanent warranting child support beyond age eighteen. See § 743.07(2), Fla. Stat. (2000); Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978)(stating that although the legal duty of a parent to support a child generally ceases at the age of majority, there is a continuing duty on a parent to care for an adult child suffering from physical or mental disabilities); see also Miller v. Smart, 636 So.2d 836 (Fla. 5th DCA 1994)(explaining that a child's support payments may be extended beyond age eighteen where the child is dependent due to mental or physical incapacity that began prior to age eighteen).
The husband also attempts to challenge that portion of the trial court's order which determined former wife's entitlement to attorney's fees. This court has declined to exercise jurisdiction over orders such as this one, which determine entitlement to attorney's fees, but not amount. See Ritchie v. Ritchie, 687 So.2d 1358 (Fla. 4th DCA 1997); Carlson v. Carlson, 696 So.2d 1332 (Fla. 4th DCA 1997). Accordingly, we dismiss that portion of the appeal directed to entitlement.
AFFIRMED in part, DISMISSED in part.
WARNER, STEVENSON and KLEIN, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
We grant the motion for rehearing. In this appeal, former husband challenged, inter alia, that portion of the trial court's order determining former wife's entitlement to attorney's fees. In the initial opinion filed on November 20, 2002, this court dismissed that portion of the appeal and declined to exercise jurisdiction over the issue of entitlement to attorney's fees since the trial court had not determined the amount. See Carlson v. Carlson, 696 So.2d 1332 (Fla. 4th DCA 1997); Ritchie v. Ritchie, 687 So.2d 1358 (Fla. 4th DCA 1997). Former husband filed a motion for rehearing on December 5, 2002, and for the first time, apprised this court that the trial court had issued an order on May 17, 2002, determining the amount of attorney's fees.
Despite former husband's neglect in advising this court of the trial court's order,[1] we find that the judgment did ripen as to the entitlement issue during the course of the appeal; therefore, we have jurisdiction to determine that issue. See Widom v. Widom, 679 So.2d 74 (Fla. 4th DCA 1996). Upon review, the judgment on appeal is affirmed in all respects. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
AFFIRMED.
WARNER, STEVENSON and KLEIN, JJ., concur.
NOTES
[1] Appellant has not provided a transcript of the hearing below. Thus, our review is limited to any error of law that is apparent on the face of the judgment. See Sullivan v. Sullivan, 668 So.2d 329 (Fla. 4th DCA 1996); Bartolotta v. Bartolotta, 687 So.2d 1385, 1386 (Fla. 4th DCA), review denied, 697 So.2d 509 (Fla.1997).
[1] When former wife filed her answer brief on April 8, 2002, she argued that the issue of entitlement was not ripe for review because no order setting amount had been issued. Former husband filed a reply brief on May 3, 2002, but did not even acknowledge the ripeness issue. Following the entry of the trial court's order on May 17, 2002, former husband did not seek to supplement the record on appeal and file a copy of that order with this court. It was only after this court had already filed its initial opinion that former husband, in his December 5, 2002 motion for rehearing, advised this court that the trial court had entered the order setting the amount of fees.