ON MOTION FOR REHEARING

GROSS, J.
We grant the appellant/father’s motion for rehearing, withdraw our previous opinion, and issue the following opinion.
We affirm the order requiring appellant to pay forty percent of his daughter’s summer camp expenses and to reimburse the appellee/mother for these expenses from past years.
The language of paragraph eighteen of the marital settlement agreement was ambiguous. Thus, the trial court was able to consider extrinsic evidence to explain or clarify the ambiguous language. See Levitt v. Levitt, 699 So.2d 755, 757 (Fla. 4th DCA 1997). The purpose of an evidentiary hearing concerning ambiguous language is to allow each side to present evidence on the intent of the parties regarding the disputed provision. See Carlson v. Carlson, 671 So.2d 280, 281 (Fla. 4th DCA 1996); Wagner v. Wagner, 885 So.2d 488, 492-93 (Fla. 1st DCA 2004).
On July 28, 2003, the trial court held a hearing on various issues, including the mother’s request for reimbursement for summer camp expenses. On September 4, 2003, the trial court entered an amended order which, inter alia, directed appellant to reimburse the mother for summer camp expenses.
We have reviewed the transcript of the hearing. The primary focus of the hearing concerned the mother’s motion to modify the father’s visitation and her request for increased child support. The issue of summer camp expenses arose only briefly at the hearing. The mother testified that the father had been ordered to pay forty percent of his daughter’s summer camp expenses, indicated that he had paid on one occasion, and claimed that he owed her $6,000. The father said that he had paid forty percent of the summer camp expenses “up until my involvement in where [my daughter] was going,” that he had not been “given any opportunity to even know [where my daughter] was even going to camp,” and that he had paid only for the first year of camp because he was not “even told that [my daughter] was going to a camp.”
Thus, at the hearing to pay for camp, the father did not challenge his obligation under the marital settlement agreement as he does on appeal. While the father may have believed that it was not fair that he should pay for summer camp expenses, he did not argue at trial that the settlement agreement drew a distinction between day care expenses and summer camp. Therefore, the trial court was within its discretion in ordering the former husband to pay for forty percent of his daughter’s past and future summer camp expenses.
Affirmed.
KLEIN and MAY, JJ., concur.