943 So.2d 878 (2006)
Esig PERLOW, Appellant,
v.
Sharon BERG-PERLOW, Appellee.
No. 4D06-849.
District Court of Appeal of Florida, Fourth District.
November 22, 2006.
Rehearing Denied January 4, 2007.
Richard G. Bartmon of Law Offices of Bartmon & Bartmon, P.A., Boca Raton, for appellant.
Joel M. Weissman of Joel M. Weissman, P.A., West Palm Beach, for appellee.
HAZOURI, J.
Appellant, Esig Perlow (Former Husband), appeals the trial court's denial of his motion to set aside and vacate orders granting attorney's fees to Sharon Berg-Perlow (Former Wife) in a dissolution action. We affirm.
The marriage between Former Husband and Former Wife was dissolved on March 15, 2000. In the Final Judgment of Dissolution of Marriage, the trial court noted the following:
The Court has already determined that the Husband shall pay for reasonable fees and costs for the vexatiousness of the litigation as it pertains to all aspects *879 of the discovery in this cause, including but not limited to the presentations at trial. Said amount shall be determined after an evidentiary hearing before this Court. . . .
This court affirmed the Final Judgment on May 8, 2002. See Perlow v. Berg-Perlow, 816 So.2d 210 (Fla. 4th DCA 2002). On December 12, 2002, the trial court entered an Order as to Parties' Attorney's Fees. The trial court ordered, in pertinent part:
Former Wife's Motion for Fees is GRANTED. Former Wife shall be entitled to recover $538,730.72 ($688,730.72 less $150,000), from Former Husband for attorney's fees and costs incurred as a result of Former Husband's vexatiousness in the divorce litigation.
The calculation of fees in this order represents the actual amount of the Former Wife's attorney's fees minus the amount the Former Wife's expert testified that the fees would have been but for the Former Husband's vexatious behavior and litigiousness. In other words, the fees would have been $150,000, had the Former Husband not engaged in vexatious behavior.
On February 4, 2003, the Former Husband appealed this order to this court. The appeal was stayed pending the outcome of bankruptcy proceedings filed by the Former Husband on January 15, 2003. The Former Wife filed a motion to dismiss the appeal based on the Former Husband's failure to advise this Court that bankruptcy had been discharged, and failure to file his initial brief. This court denied the Former Wife's motion to dismiss, but ultimately dismissed the appeal on July 26, 2005, for lack of prosecution. On December 3, 2003, the trial court entered an Order on Former Wife's Application for Court to Delineate (After Evidentiary Hearing) Amount of Attorney's Fees Related to Child Support, Alimony, Custody and Equitable Distribution, Awarded to Former Wife.[1] The trial court found that "as to the amount awarded on December 12, 2002, the sum of $430,984.00 is related to child support and alimony issues that were before this Court and which were included in the award of the sum of $538,730.72."
The Former Husband appealed this court's 2002 ruling to the Supreme Court of Florida. See Perlow v. Berg-Perlow, 875 So.2d 383 (Fla.2004). The supreme court quashed this court's decision and remanded the case to the trial court for a new trial. Id. at 390. The award of attorney's fees to the Former Wife was not at issue before the supreme court. The supreme court issued its mandate on June 10, 2004, after which this court quashed its May 8, 2002 decision, and remanded the case to the trial court with directions in accordance with the supreme court's opinion.[2]
The Former Husband filed a Motion to Set Aside and Vacate the Order as to the Parties' Attorney's Fees, pursuant to Florida Rule of Civil Procedure 1.540(b)(5), arguing that the December 12, 2002 order awarding attorney's fees to the Former Wife must be set aside because it was based on the final judgment that was vacated by the supreme court. Later, the Former Husband withdrew this motion, presuming that his bankruptcy discharged the attorney's fees award set forth in the December 12, 2002 order. Upon realizing that $430,984.00 of the Former Wife's attorney's *880 fees was not dischargeable in his bankruptcy, the Former Husband filed an Amended Motion to Set Aside and Vacate the Orders as to the Parties' Attorney's Fees. He argued that the December 12, 2002, and December 3, 2003, orders concerning attorney's fees arose "from the Final Judgment which the Supreme Court stated was improperly entered and as such a new trial on all issues should be heard by the trial court." After holding a hearing on the Former Husband's motion to vacate the fee orders, the trial court denied the motion.
The Former Husband's primary argument on appeal is that the Florida Supreme Court's reversal of the final judgment nullifies the trial court's fee award to the Former Wife, as the final judgment specifically ruled that the Former Wife was entitled to fees. A trial judge's decision whether to grant a motion brought pursuant to Florida Rule of Civil Procedure 1.540(b)(5) is reviewed for abuse of discretion. See Shields v. Flinn, 528 So.2d 967, 968 (Fla. 3d DCA 1988).
The Former Husband cites two lines of cases. The first set of cases dictates that when a final judgment is reversed and remanded by an appellate court, an award of attorney's fees and costs to the prevailing party must also be reversed. See Viets v. Am. Recruiters Enters., 922 So.2d 1090, 1096 (Fla. 4th DCA 2006) (citing Marty v. Bainter, 727 So.2d 1124, 1125 (Fla. 1st DCA 1999); Div. of Admin., State of Fla. Dep't of Transp. v. Consolidated-Tomoka Land Co., 448 So.2d 12, 13 (Fla. 4th DCA 1984)). However, these cases are distinguishable from the instant case because the award of attorney's fees to the Former Wife was not based on her status as a prevailing party. Rather, the award was based on the Former Husband's "vexatiousness in the divorce litigation."
The second set of cases cited by the Former Husband instructs that when a judgment is entirely reversed, it is as if the judgment was never entered. See Savery v. Savery, 870 So.2d 920, 921 (Fla. 4th DCA 2004) (citing Smith v. Smith, 118 So.2d 204 (Fla.1960)); Lonergan v. Lippman, 406 So.2d 1124, 1125 (Fla. 1st DCA 1981) (citing Marshall & Spencer Co. v. People's Bank of Jacksonville, 88 Fla. 190, 101 So. 358 (1924)); Rosenkrantz v. Hall, 172 So.2d 518, 519 (Fla. 3d DCA 1965) (citations omitted). From these cases, the Former Husband concludes that the attorney's fees award must be vacated in light of the reversal of the final judgment.
However, as the Former Wife correctly argues, the attorney's fee award was a post-judgment order that was not overturned by the appeal of the underlying judgment of dissolution. First, this court, and the Florida Supreme Court, would have likely declined to exercise jurisdiction to review the attorney's fee award because it was not ripe for review when the Former Husband appealed the final judgment. See Carlson v. Carlson, 696 So.2d 1332, 1333 (Fla. 4th DCA 1997) (citing Ritchie v. Ritchie, 687 So.2d 1358 (Fla. 4th DCA 1997)) (concluding that the attorney's fee issue was not ripe for review, as the amount of fees had not yet been determined); Widom v. Widom, 679 So.2d 74, 75 (Fla. 4th DCA 1996) (citing Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994)) (recognizing that "[a]n attorney's fee award does not become final and ripe for review until the amount is set"). Second, neither this court's decision, nor the Florida Supreme Court's decision, addressed the Former Wife's entitlement to fees based on the Former Husband's allegedly vexatious behavior. See Perlow, 875 So.2d at 383-90; Perlow, 816 So.2d at 212-17. Finally, although the Former Wife's entitlement to attorney's fees was established in the final judgment, which was ultimately *881 reversed, a successor judge conducted a new hearing on the parties' fee issues prior to the Florida Supreme Court's reversal, in which he heard "extensive testimony," and made his own findings of fact. Like the trial judge who entered the final judgment, the successor judge concluded that the "Former Husband's actions throughout the litigation of the dissolution proceeding were done in bad faith and served no other purpose other than harassment."
Thus, the trial court did not abuse its discretion in denying the Former Husband's motion to vacate the attorney's fee orders.
Affirmed.
STONE and SHAHOOD, JJ., concur.
NOTES
[1] This motion was filed at the request of the U.S. Bankruptcy Court.
[2] The new trial was held in December 2005, after which the trial court issued an Agreed Final Judgment as to Child Custody Issues and Child Access.