# Third District Court of Appeal
## State of Florida

Opinion filed June 17, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1975
Lower Tribunal No. 25-12892-CA-01
_____

**Bryan Walters,**
Appellant,

vs.

**State of Florida, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Bryan Walters, in proper person.

James Uthmeier, Attorney General, and Walter Dale Miller, Senior Assistant Attorney General; Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Tyler J. Walters, Assistant County Attorney, for appellees.

Before SCALES, C.J., and FERNANDEZ and BOKOR, JJ.

SCALES, C.J.

*Pro se* appellant, plaintiff below, Bryan Walters appeals an October 13, 2025 non-final order (the "Order") declaring Walters a vexatious litigant under the Florida Vexatious Litigant Act, section 68.093 of the Florida Statutes (the "Act").[1] Pursuant to section 68.093(3) of the Act, the challenged Order, among other things, requires Walters to post a $10,000 security in order to continue to prosecute his lawsuit. Because the Order is in the nature of an injunction, we have appellate jurisdiction to review it[2] and, discerning no error, we affirm the Order.

## I. Relevant Background

Walters brought a "civil negligence" action against several defendants, including Appellees State of Florida and the State Attorney of the 11th

---

[1] The Act provides, in part, as follows:

> (c) "Vexatious litigant" means a person, as defined in s. 1.01(3), proceeding pro se, who:

> 1. In the immediately preceding 7-year period, has commenced, prosecuted, or maintained, pro se, five or more actions in any court that have been finally and adversely determined against such person, except that an action may not be included for purposes of this subparagraph if the court finds that the action was commenced, prosecuted, or maintained in good faith[.]

§ 68.093(2)(c)1., Fla. Stat. (2025).

[2] Florida Rule of Appellate Procedure 9.130(a)(3)(B) provides this Court with appellate jurisdiction to review non-final orders that grant injunctions.

Judicial Circuit. Walters sought declaratory and injunctive relief and demanded ten billion dollars in damages based on an assortment of alleged wrongs, including libel and slander, arising from his trespasses on college campuses and businesses and a 2012 arrest in Duval County.

In September 2025, Appellees filed, pursuant to sections 68.093(3) and (4) of the Act, a joint motion to declare Walters a vexatious litigant. Appellees' motion identified forty-five[3] cases that Walters had commenced within the preceding seven years that had been "finally and adversely determined against" Walters and that were allegedly not "commenced, prosecuted, or maintained in good faith." See § 68.093(2)(c)1., Fla. Stat. (2025). Appellees sought from the trial court both (i) an order requiring Walters to post security in order to continue to maintain his lawsuit as prescribed in section 68.093(3), and (ii) a pre-filing order prohibiting Walters from initiating new *pro se* proceedings.

On October 9, 2025, the trial court conducted a noticed hearing on Appellees' motion and, on October 13th, entered the challenged Order. In its Order the trial court found Walters indeed had filed forty-five *pro se* cases in the preceding seven years that were finally and adversely determined

---

[3] Section 68.093(2)(c)1. of the Act establishes a vexatious litigant threshold at five such cases.

against him and that were not commenced, prosecuted or maintained in good faith. The Order also (i) determined that Walters was unlikely to succeed on the merits of the instant case, (ii) required Walters to post a $10,000 security with the clerk of the court within thirty days of the date of the order, (iii) stayed all proceedings in the action for thirty days to allow Walters to post the required security, and (iv) stated that a failure to post this security would result in the trial court dismissing the action with prejudice. See § 68.093(3)(b) and (c), Fla. Stat. (2025).

One day later, on October 14, 2025, Walters filed the instant appeal challenging the Order.

**II. Analysis**

*A. Jurisdiction*

First, we must address the threshold question of whether we have appellate jurisdiction to review the Order. The current iteration of the Act was only recently adopted by the Legislature in 2025,[4] so there is little authority discussing appellate jurisdiction to review an order, such as the instant one, entered pursuant to section 68.093(3)(a) of the Act. Nonetheless, because the Order requires Walters to post $10,000 security

---

[4] See Ch. 2025-128, Laws of Fla. (2025).

4

in order to proceed in the litigation, we have little difficulty regarding the Order as in the nature of an injunction.

Florida courts have found similar, non-final judicial imperatives as a form of injunctive relief reviewable under rule 9.130(a)(3)(B). See CMR Distribs., Inc. v. Resolution Tr. Corp., 593 So. 2d 593, 594 (Fla. 3d DCA 1992) ("An order requiring the deposit of funds into the registry of the court prior to judgment is, in effect, an order granting an injunction and is thus reviewable under Fla. R. App. P. 9.130(a)(3)(B)."); see also Ruckdeschel v. People's Tr. Ins. Co., 327 So. 3d 311, 313 (Fla. 4th DCA 2021) (reviewing a non-final trial court order requiring insureds to pay their deductible, execute a work order, and allow insurer's contractor to commence repairs to their property prior to the trial court adjudicating the insureds' suit); Minty v. Meister Fin. Grp., Inc., 97 So. 3d 926, 929 (Fla. 4th DCA 2012) (reviewing a non-final trial court order in a foreclosure action that ordered the borrower and her attorney to deposit a loan amount into the court registry); Array v. Alberigi, 832 So. 2d 873, 874 (Fla. 5th DCA 2002) (reviewing a non-final trial court order requiring a party's counsel's legal assistant to execute a mortgage satisfaction); Hughes v. First Fed. Sav. & Loan Ass'n, 621 So. 2d 557, 557 (Fla. 4th DCA 1993) ("The order in question requires appellants to

deposit mortgage payments into the registry of the court as they accrue and is reviewable as an order granting an injunction.").[5]

### B. Merits

Having established our jurisdiction, we now address the merits of the Order. Our standard of review is mixed. Generally, we review a trial court's grant of an injunction for an abuse of discretion. Credo LLC v. Speyside Invs. Corp., 259 So. 3d 893, 897 (Fla. 3d DCA 2018); Clements v. Club Space Mgmt., LLC, 388 So. 3d 923, 925 (Fla. 3d DCA 2024) (applying the abuse of discretion standard of review when a trial court imposes a sanction on a litigant). With regard to factual findings, the trial court does not abuse its discretion unless such findings are unsupported by competent, substantial evidence. But to the extent that the trial court construed the Act, such statutory interpretation involves a pure question of law to which we apply a

---

[5] To be clear, a vexatious litigant against whom a section 68.093(3) non-final security order is entered – whose lawsuit is dismissed for failure to post the court-ordered security – may file an appeal of the final dismissal order; in such event, the scope of appellate review would include the interlocutory order. See Fla. R. App. P. 9.110(h). Where a plaintiff voluntarily dismisses the case prior to the trial court's disposition of the defendant's section 68.093 motion, a resulting vexatious litigant order becomes final and subject to plenary appeal. Steinberg ex rel. Fiesta Homeowners Ass'n v. Cudak, 429 So. 3d 21, 24 (Fla. 4th DCA 2026) (observing that the trial court retains case jurisdiction to adjudicate a pending sanctions motion despite a voluntary dismissal); Knezevich v. Serv. Fin. Co., LLC, 375 So. 3d 941, 942 (Fla. 2d DCA 2023) (same).

6

*de novo* standard of review. Buechele v. In re: Est. of Buechele, 366 So. 3d 1165, 1169 n.3 (Fla. 3d DCA 2023).

In this case, because we have not been provided with a transcript of the October 9, 2025 hearing on Appellees' motion, our scope of review is significantly narrowed. Indeed, for us to reverse the Order, error would have to appear on the face of the Order. Brown v. Miami-Dade Cnty., 319 So. 3d 81, 83 (Fla. 3d DCA 2021).

We have carefully reviewed the record that is before us and find no error – factual, legal or otherwise – in the trial court's Order. We therefore affirm the Order in all respects.

Affirmed.