523 So.2d 675 (1988)
Jack AUSTIN and Anthea Austin, Appellants,
v.
B.J. APPAREL CORP., Appellee.
B.J. APPAREL CORP., Appellant,
v.
Jack AUSTIN, Anthea Austin, and Susan Stone, As Personal Representative of the Estate of Daniel Stone, Appellees.
Nos. 87-1933, 87-2623.
District Court of Appeal of Florida, Third District.
March 22, 1988.
Rehearing Denied May 3, 1988.
*676 Joseph S. Paglino, Miami, for appellants/appellees Austins.
Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel and Alan T. Dimond and Steven M. Goldsmith, Miami, for appellee/appellant B.J. Apparel.
Charles L. Neustein, Miami Beach, for appellee Stone.
Before HENDRY, BASKIN and FERGUSON, JJ.
HENDRY, Judge.
Jack and Anthea Austin appeal from an order granting B.J. Apparel relief from the final order which climaxed a series of related actions in both state and federal court. B.J. Apparel appeals from an order which denied it relief from a summary final judgment entered in favor of appellee, Susan Stone. We affirm the order granting B.J. Apparel relief from judgments in favor of Anthea and Jack Austin, and reverse the order denying B.J. Apparel relief from the judgment favoring Stone.
The source of these actions is the Austins' 1979 sale of several Florida corporations to B.J. Apparel. Susan Stone is the personal representative of the estate of Donald Stone, who was the unconditional guarantor to the representations, warranties and obligations of the Austins in the transactions.
The present consolidated appeal stems from an order entered by the circuit court in May 1983 dismissing, without prejudice, claims for damages filed by B.J. Apparel against the Austins and Stone. That order was clarified by a subsequent order entered in October 1983 stating the basis for dismissal, a judgment obtained in favor of Jack Austin in bankruptcy court, but noting that should that judgment be reversed on appeal to the Eleventh Circuit, B.J. Apparel would be free to refile or amend its complaint.
In November 1983, Anthea Austin moved the circuit court for summary judgment on B.J. Apparel's counterclaims against her. Based upon the same bankruptcy judgment, summary judgment was granted. A similar motion for summary judgment was filed by Susan Stone. Granted in August 1984, the summary judgment in favor of Stone also was based upon the November 29, 1982 judgment of the bankruptcy court.
Upon the motion of Jack Austin to compel B.J. Apparel to pay $1,000 appellate attorney's fees as ordered on May 29, 1984 by this court in connection with the affirmance of an appeal, B.J. Apparel Corp. v. *677 Austin, 451 So.2d 856 (Fla. 3d DCA 1984) (table), the circuit court issued an order on March 13, 1985 striking and dismissing with prejudice all remaining claims of B.J. Apparel if it did not pay the $1,000 within 30 days. B.J. Apparel failed to make payment within the specified time period. No appeal was filed from the order.
In June 1986, the Eleventh Circuit Court of Appeals, in Balbirer v. Austin, 790 F.2d 1524 (11th Cir.1986), reversed and remanded the bankruptcy court judgment upon which the circuit court had based its judgments in favor of the Austins and Stone. Following the hearing mandated by Balbirer, 790 F.2d at 1528, the bankruptcy court reversed its original judgment and issued a memorandum and judgment on January 12, 1987 in favor of B.J. Apparel and against Jack Austin for the sum of $100,000. Upon this reversal by the bankruptcy court, B.J. Apparel filed a motion for relief under Rule 1.540(b)(5), Fla.R.Civ.P., which provides a party relief from judgment entered against him or her if the judgment was based upon a prior judgment which has been reversed.
In July 1987, the circuit court granted B.J. Apparel's motion, stating as the basis for its decision the bankruptcy court's reversed judgment. The court proceeded to reinstate all claims against the Austins, but denied B.J. Apparel relief from the judgment granted in favor of Stone. Consolidated appeals of the Austins and B.J. Apparel followed.
B.J. Apparel contends that under Rule 1.540(b)(5), Fla.R.Civ.P., the grounds for relief were identical against all parties  the reversal by the Eleventh Circuit Court of Appeals, in Balbirer v. Austin, of the judgment of the United States Bankruptcy Court for the Southern District of Florida (unpublished), the basis for entry of the orders and judgments in favor of appellants (Anthea and Jack Austin) and appellee (Susan Stone). Consequently, it should also have been granted relief from judgment as to Susan Stone. We agree.
Although it is argued that, by failing to specifically reserve jurisdiction in the March 13, 1985 order of dismissal, the court lacked jurisdiction in 1987 when granting B.J. Apparel relief from judgments favoring the Austins, under Rule 1.540(b)(5), Fla.R.Civ.P., limited jurisdiction is conferred upon courts to grant relief from judgments based upon a prior judgment which has been reversed on appeal. Cutler Ridge Corp. v. Green Springs, Inc., 249 So.2d 91 (Fla. 3d DCA 1971). In such an instance, as here, prior reservation of jurisdiction is not required, for "Rule 1.540(b) may be used to afford relief to all litigants who can demonstrate the existence of the grounds set out under the rule." Miller v. Fortune Ins. Co., 484 So.2d 1221, 1224 (Fla. 1986).
As the record clearly reflects, the circuit court granted relief to B.J. Apparel solely upon the reversal of the bankruptcy court judgment by the Eleventh Circuit Court of Appeals. Each of the judgments from which B.J. Apparel sought relief was based entirely upon the bankruptcy court judgment which was reversed on appeal. Accordingly, the court correctly granted relief from judgment.
Because the judgment in favor of Susan Stone was also based solely upon the same judgment of the bankruptcy court which was reversed on appeal, the circuit court committed reversible error by denying B.J. Apparel relief from the judgment it had entered in favor of Susan Stone. The court could not, as a matter of law, consistently grant B.J. Apparel relief from the judgments in favor of the Austins, but deny relief as to Susan Stone, who stands in no better position than the Austins. It would be unjust to relieve an unconditional guarantor from liability under Rule 1.540(b)(5) because of an erroneous judgment, while the primary obligor remains liable.
Accordingly, the order granting B.J. Apparel relief from judgment as to the Austins is affirmed; the order denying it relief from judgment as to Susan Stone is reversed.
Affirmed in part, reversed in part, and remanded.