STRINGER, Judge.
Herbert C. Martin seeks review of the Department of Revenue’s (“the DOR”) order dismissing his amended petition for administrative hearing. Because the amended petition was timely under the “mailbox rule,” the DOR erred in dismissing it. Accordingly, we reverse.
The facts of this case are taken from the DOR’s final order dismissing Martin’s petition for administrative hearing and the *368 attachments to Martin’s initial brief, as Martin did not order the transmittal of a record on appeal. In February 2000 the DOR sent Martin a notice of report to consumer reporting agencies evincing the DOR’s intent to report Martin’s overdue child support to consumer reporting agencies. Martin filed a petition for administrative hearing, which the DOR denied on May 10, 2000, without prejudice to the filing of an amended petition within twenty days. Martin subsequently filed an amended petition, and the DOR entered a final order dismissing the amended petition, finding that Martin did not file the amended petition within the allotted time.
On appeal, Martin, who is currently incarcerated, argues that his amended petition was timely filed with the DOR. In support of this claim, Martin attached a copy of the amended petition for administrative hearing to his initial brief. The attached amended petition contains a certificate of service dated May 24, 2000, or fourteen days after the denial of the original petition. Martin also attached an original copy of an inmate request reflecting the following notation by prison officials: “mailed letter to Child Support, Dept. Of Revenue (2), on 5-24-2000.” Martin’s attachments to his initial brief establish that his amended petition was timely under the “mailbox rule.”
Under the “mailbox rule,” as articulated by the Florida Supreme Court, a petition is deemed “filed” when it is placed in the hands of prison officials. Haag v. State, 591 So.2d 614, 617-18 (Fla.1992). A petition that contains a certificate of service dated prior to the expiration for timely filing is sufficient to invoke the “mailbox rule.” Griffin v. Sistuenck, 816 So.2d 600, 601-02 (Fla.2002). In this case the amended petition Martin attached to his initial brief bears a certificate of service of May 24, 2000. This date of filing was within twenty days of the May 10, 2000, final order dismissing Martin’s initial petition. Therefore, the DOR erred in denying Martin’s petition as untimely.
The DOR concedes that the “mailbox rule” applies in this case, but argues that Martin’s failure to provide a record precludes relief under Applegate v. Barnett Bank, 377 So.2d 1150 (Fla.1979). Apple-gate is inapposite because there is no factual dispute in this case; the issue is whether Martin’s amended petition is timely as a matter of law. See Rittman v. Allstate Ins. Co., 727 So.2d 391, 394 (Fla. 1st DCA 1999); Ronbeck Constr. Co. v. Savanna Club Corp., 592 So.2d 344, 348 (Fla. 4th DCA 1992).
Because Martin has established timely filing of his amended petition, the DOR erred in dismissing his amended petition for administrative hearing. Accordingly, we reverse and remand for an administrative hearing on the merits.
Reversed and remanded.
NORTHCUTT AND SILBERMAN, JJ., Concur.