959 So.2d 303 (2007)
PARROT JUNGLE AND GARDENS LIMITED, INC., d/b/a Parrot Jungle Island; Parrot Jungle and Gardens of Watson Island, Inc., d/b/a Parrot Jungle Island; PJG Watson, LLC., d/b/a Parrot Jungle Island; and PJ Birds, Inc., d/b/a Parrot Jungle Island, Appellants,
v.
Troy ANDREWS, a minor, by and through his parents and next friends, Miranda ANDREWS and John Andrews and Miranda Andrews and John Andrews, individually, Appellees.
No. 3D06-1316.
District Court of Appeal of Florida, Third District.
May 9, 2007.
Hoffman & Morris and Cara C. Morris, North Palm Beach, and John Hoffman, Miami, for appellants.
Conroy, Simberg, Ganon, Krevans & Abel and Hinda Klein, Hollywood, for appellee Contract Connection, Inc.
Before WELLS, and ROTHENBERG, JJ., and SCHWARTZ, Senior Judge.
WELLS, J.
The premises owners in a personal injury case appeal the summary judgment granted to the distributor/dealer that installed a set of monkey-bars from which the plaintiff fell and allegedly was injured because of defective safety surfacing installed beneath the monkey-bars. Because we find genuine issues of fact remain regarding whether the condition at issue was a "patent" or "latent" defect, we reverse the judgment in the distributor/dealer's favor.
While on a family visit to Parrot Jungle Island in Miami, Troy Andrews climbed the overhead triangular ladder (in common parlance "the monkey-bars") at Parrot Jungle Island's playground, fell, landed on the soft poured-in-place (PIP) ground surface below the bars, and was injured. Troy and his parents, Miranda and John, filed suit against Parrot Jungle Island and its related entities (herein, referred to collectively *304 as "Parrot Jungle"), the owners of the property; Contract Connection Inc., the distributor/dealer of the monkey-bars; Unique Surfacing L.L.C., the subcontractor that installed the safety surface underneath the monkey-bars for Contract Connection; and The Tower Group Inc., the General Contractor on the project. The Andrews alleged that Troy was injured because the monkey-bars were too high and located atop "a ground surface area which was unsuitably hard and otherwise unfit" for its purpose.
Relying on Slavin v. Kay, 108 So.2d 462 (Fla.1958), Contract Connection moved for summary judgment arguing that because no latent defect was alleged to exist, once Parrot Jungle accepted its work, it was released from liability.[1] It also argued that even if the defect were latent, it was still entitled to a judgment because by virtue of three earlier incidents involving the monkey-bars, Parrot Jungle was on notice of the defect but did nothing to rectify it. The motion was granted.
We reverse the summary judgment in Contract Connection's favor because fact issues exist regarding the existence of a defect, whether the claimed defect was patent or latent, and whether Parrot Jungle had notice of that defect. Specifically, the Andrews' complaint alleges that the surface beneath the monkey-bars was defective. Parrot Jungle's answers to interrogatories claim that after it had accepted Contract Connection's work, it learned that Contract Connection had failed to install the 2.5 inch deep safety surface for which it had been invoiced by Contract Connection. And, Contract Connection's corporate representative testified that applicable industry guidelines for this piece of playground equipment call for installation of a 2.5 inch thick safety surface "to ensure that . . . children are not exposed to an unreasonably dangerous condition" and that failure to install such a surface of this requisite thickness would not be readily observable:
Q: If in fact the Poured in Place surfacing was short poured, how would that have been readily observable by anybody, either by Contract Connection or by Parrot Jungle at the final walk through?
A: It's not something that is conspicuous. It's not something that you can see. . . .
At this juncture and on this record, Slavin cannot be applied to support entry of a summary judgment. And while there is evidence confirming that several "incidents" of children falling had been reported, *305 there is no evidence of any injuries stemming from those falls, much less injuries related to the safety surface, so as to put Parrot Jungle on notice of this purported defect. Thus, summary judgment should not have been granted. See U.S. Lodging of Jacksonville, Ltd. v. H.B. Daniel Const. Co., 617 So.2d 448, 449 (Fla. 1st DCA 1993) ("To be entitled to a summary judgment, the moving party must demonstrate conclusively that no genuine issue exists as to any material fact, even after all reasonable inferences are drawn in favor of the party opposing the summary judgment. Moore v. Morris, 475 So.2d 666 (Fla.1985); Holl v. Talcott, 191 So.2d 40 (Fla.1966).").
Accordingly, the order under review is reversed and the cause remanded.
NOTES
[1] "Under Slavin, if the defect is not latent, the owner is charged with knowledge of it, and the contractor is relieved of liability because it is the owner's intervening negligence in not correcting it which is the proximate cause of the injury." Brady v. State Paving Corp., 693 So.2d 612, 613 (Fla. 4th DCA 1997).

By occupying and resuming possession of the work the owner deprives the contractor of all opportunity to rectify his wrong. Before accepting the work as being in full compliance with the terms of the contract, he is presumed to have made a reasonably careful inspection thereof, and to know of its defects, and if he takes it in the defective condition, he accepts the defects and the negligence that caused them as his own, and thereafter stands forth as their author. When he accepts work that is in a dangerous condition, the immediate duty devolves upon him to make it safe, and if he fails to perform this duty, and a third person is injured, it is his negligence that is the proximate cause of the injury.
Ed Ricke & Sons, Inc. v. Green, 609 So.2d 504, 507 (Fla.1992) (quoting Slavin, 108 So.2d at 466 (citations omitted)); see also Easterday v. Masiello, 518 So.2d 260, 261 (Fla.1988) (concluding that Slavin remained good law because "it would be unfair to continue to hold the contractor responsible for patent defects after the owner has accepted the improvement and undertaken its maintenance and repair").