970 So.2d 351 (2007)
PARROT JUNGLE AND GARDENS LIMITED, INC., d/b/a Parrot Jungle Island; Parrot Jungle and Gardens of Watson Island, Inc., d/b/a Parrot Jungle Island; PJG Watson, LLC., d/b/a Parrot Jungle Island; and PJ Birds, Inc., d/b/a Parrot Jungle Island, Appellants,
v.
UNIQUE SURFACING, LLC, a Michigan limited liability company and Contract Connection, Inc., a Florida corporation, Appellees.
Unique Surfacing, LLC, a Michigan limited liability company, Appellant,
v.
Troy Andrews, a minor, by and through his parents, Miranda Andrews and John Andrews, and Miranda Andrews and John Andrews, individually; and Parrot Jungle and Gardens Limited, Inc., d/b/a Parrot Jungle Island; Parrot Jungle and Gardens of Watson Island, Inc., d/b/a Parrot Jungle Island; PJG Watson, LLC., d/b/a Parrot Jungle Island; and PJ Birds, Inc., d/b/a Parrot Jungle Island, Appellees.
Nos. 3D06-3073, 3D07-1620.
District Court of Appeal of Florida, Third District.
September 12, 2007.
Rehearing and Rehearing Denied November 21, 2007.
Hoffman & Morris and Cara C. Morris, North Palm Beach, for appellants Parrot Jungle Gardens, et al.
George, Hartz and Esther E. Galicia, Miami, for appellee, Unique Surfacing, LLC.
George, Hartz and Charles M-P George, Scott R. McNary and Sharon R. Ellis, Coral Gables, for appellant Unique Surfacing.
Lawrence & Daniels and Adam Lawrence, Miami, and Stephen L. Malove, for appellees, Troy Andrews et. al.; Hoffman & Morris and Cara C. Morris, North Palm Beach, for appellees, Parrot Jungle Gardens, et. al.
Before GREEN, WELLS, and SUAREZ, JJ.
Rehearing and Rehearing En Banc Denied November 21, 2007.
WELLS, Judge.
In these consolidated appeals, Unique Surfacing, LLC, the subcontractor that installed the safety surface below a set of monkey-bars from which a child fell and sustained injuries, appeals from an order granting a Florida Rule of Civil Procedure 1.540 motion vacating a final judgment in its favor. The owners of the property on which the monkey-bars were located appeal from an order that was predicated on the now vacated final summary judgment and which dismissed with prejudice their third party complaint against Unique Surfacing. Because we find no abuse of discretion in the trial court's decision to vacate the judgment in Unique Surfacing's favor, we affirm that order and reverse the dismissal order predicated on the now vacated judgment.
The plaintiff in this action is a child allegedly injured when he fell from a set of monkey-bars at Parrot Jungle Island's playground and landed on the soft poured-in-place (PIP) ground surface below the *353 bars. He and his parents have sued the owners of the property, Parrot Jungle Island and its related entities (referred to collectively herein as "Parrot Jungle"); the distributor/dealer of the monkey-bars, Contract Connection Inc.; the subcontractor hired by Contract Connection to install the PIP safety surface underneath the monkey-bars, Unique Surfacing LLC; and the general contractor on the project, The Tower Group Inc. The plaintiffs alleged, in particular, that the child was injured because the monkey-bars were too high and located atop "a ground surface area which was unsuitably hard and otherwise unfit" for its purpose.
Contract Connection moved for summary judgment based upon Slavin v. Kay, 108 So.2d 462 (Fla.1958), arguing that because the defect alleged was patent (that is, not concealed) it was released from liability once Parrot Jungle accepted its work. The trial court accepted this argument and granted the motion. Based on this ruling in Contract Connection's favor, Unique Surfacing moved for summary judgment arguing that "[i]nasmuch as UNIQUE SURFACING, L.L.C. occupies the exact same position as CONTRACT CONNECTION, INC., UNIQUE SURFACING, L.L.C. is entitled to summary judgment as a matter of law." This motion also was granted.
Parrot Jungle thereafter appealed the summary judgment in Contract Connection's favor but did not timely appeal the summary judgment in Unique Surfacing's favor. While the appeal from the summary judgment in Contract Connection's favor was pending, Parrot Jungle filed a third party complaint against Unique Surfacing[1] for breach of contract, breach of implied warranty, and indemnification. Unique Surfacing moved to dismiss arguing that the prior unappealed summary judgment in its favor precluded assessment of liability against it. The motion was granted and Parrot Jungle filed the instant appeal.
While this appeal from the order of dismissal was pending, this court reversed the summary judgment in Contract Connection's favor, which summary judgment formed the sole support for the summary judgment in Unique Surfacing's favor. See Parrot Jungle & Gardens Ltd., Inc. v. Andrews, 959 So.2d 303 (Fla. 3d DCA 2007). Plaintiffs then filed a rule 1.540 motion to vacate the summary judgment in Unique Surfacing's favor because the sole ground on which that judgment was predicated (the summary judgment in Contract Connection's favor) had been reversed by this court. The motion was granted. Unique Surfacing has now appealed from the order granting the rule 1.540 motion and we have consolidated the appeal from this order with Parrot Jungle's appeal from the order dismissing their claims against Unique Surfacing, claims which were predicated on the now vacated judgment in Unique Surfacing's favor.
In light of our reversal of the judgment in Contract Connection's favor and our rejection of the notion that the defects claimed were patent and thereby barring recovery, we agree that the judgment in Unique Surfacing's favor (based on the same theory and judgment) was properly set aside. See Fla. R. Civ. P. 1.540(b)(5); Perlow v. Berg-Perlow, 943 So.2d 878, 880 (Fla. 4th DCA 2006) (stating that "[a] trial judge's decision whether to grant a motion brought pursuant to Florida Rule of Civil Procedure 1.540(b)(5) is reviewed for abuse of discretion"); Austin v. B.J. Apparel Corp., 523 So.2d 675, 677 (Fla. 3d DCA 1988) (applying rule 1.540(b)(5) where a bankruptcy court judgment *354 upon which the circuit court had based its judgments was later reversed); Behar v. Jefferson Nat'l Bank at Sunny Isles, 519 So.2d 641, 644 (Fla. 3d DCA 1987) (finding that the appellant who had a default judgment entered against him for failure to answer a complaint could seek relief under rule 1.540(b)(5) should his co-defendants prevail on the merits of common claims). Because the order dismissing the third party complaint was based on the vacated judgment in Unique Surfacing's favor, we also agree that that order must be reversed.
The order granting the plaintiffs' rule 1.540 motion and setting aside the judgment in Unique Surfacing's favor is, therefore, affirmed. Because the sole support for dismissal of the third party complaint against Unique Surfacing has been vacated, we reverse the order dismissing that complaint.
NOTES
[1] The third party complaint also raised claims against Contract Connection.