# Third District Court of Appeal

## State of Florida

Opinion filed April 25, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-929
Lower Tribunal No. 12-47813
_____

**90 CWELT-2008 LLC,**
Appellant,

vs.

**Yacht Club at Portofino Condominium Association, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

P.A. Bravo, P.A., and Paul Alexander Bravo, for appellant.

GrayRobinson, P.A., and Kristie Hatcher-Bolin (Lakeland), for appellee, JPMorgan Chase Bank, N.A.

Before ROTHENBERG, C.J., and EMAS and LUCK, JJ.

EMAS, J.

90 CWELT-2008 LLC ("CWELT"), the third-party purchaser at a foreclosure sale, seeks review of an order vacating a certificate of sale and a certificate of title, following the trial court's earlier order vacating a final judgment of foreclosure. We affirm, because the order on appeal was properly entered by the trial court pursuant to, and as a result of, its earlier order vacating the final judgment.

The foreclosure case at issue was filed by Yacht Club and Portofino Condominium Association, Inc. ("the Association") against unit owners Craig and Nicole Snyder, for their failure to pay condominium assessments. Prior to the Association's foreclosure case, the Snyders' mortgage company, JP Morgan Chase Bank, N.A. ("JP Morgan"), had also filed a foreclosure action against the Snyders.

In the Association's foreclosure action, JP Morgan was named a party defendant, based upon the interest it claimed in the property by virtue of a prior mortgage. However, JP Morgan was not properly served with the complaint in the Association's case, and JP Morgan never answered the complaint (nor did the Snyders). Following entry of a summary final judgment in favor of the Association on June 16, 2014, the Snyders' unit was sold at a foreclosure sale, and CWELT was the successful bidder. On August 1, 2014 the certificate of sale to CWELT was issued and two weeks later, the certificate of title as well.

2

Eight months later, on February 11, 2015, JP Morgan moved to quash service of process and set aside the summary final judgment, asserting it had not been properly served with process and, therefore, the subsequent judgment was void. On June 17, 2015, the trial court granted the motion and vacated the final judgment, finding that service of process on JP Morgan was defective, rendering the final judgment void.

On July 16, 2015, a month after the trial court's order vacating the final judgment, JP Morgan filed a motion seeking to unwind the foreclosure sale and to vacate the certificates of sale and title. The following day, CWELT filed a notice of appeal seeking review of the trial court's order vacating the final judgment. However, CWELT failed to timely file its initial brief. This court issued an order advising CWELT of same and advising that the appeal would be subject to dismissal if an initial brief was not filed within ten days. No initial brief was thereafter filed and, on February 5, 2016, this court dismissed CWELT's appeal for its failure to diligently prosecute the appeal. See 90 CWELT-2008, LLC v. Snyder, 208 So. 3d 1181 (Fla. 3d DCA 2016) (table).

On March 21, 2017 (more than a year after CWELT's initial appeal was dismissed) the trial court granted JP Morgan's motion to vacate the certificates of sale and title. This appeal followed.

3

In this appeal, CWELT contends: (1) the trial court had no authority to vacate the final judgment because the motion was not timely filed; and (2) even if the trial court did have such authority to vacate the final judgment, it erred in subsequently vacating the certificates of sale and title because CWELT was a bona fide purchaser without notice of JP Morgan's claim.

CWELT first challenges the propriety of the order vacating the final judgment. However, the only order on appeal is the order vacating the certificate of sale and certificate of title. Having abandoned its prior appeal of the order vacating the final judgment (resulting in a dismissal of that appeal), CWELT may not employ the present appeal to resurrect its challenge to that order.

We find no merit in CWELT's remaining argument, directed to the order vacating the certificates of sale and title. Although it is true that a trial court "may not grant relief that adversely affects the quality of the title to the property" where a bona fide purchaser has acquired the property in a foreclosure sale (see section 702.036, Fla. Stat. (2017)), this applies only where the "party seeking relief from the final judgment of foreclosure of the mortgage was properly served in the foreclosure lawsuit as provided in chapter 48 or chapter 49." Id. (Emphasis added.) See also Demars v. Vill. of Sandalwood Lakes Homeowners Ass'n, Inc., 625 So. 2d 1219, 1222 (Fla. 4th DCA 1993) (holding that a bona fide purchaser retains the title where the final judgment is voidable, not where it is void).

4

Compare Nationstar Mortg., LLC v. Diaz, 227 So. 3d 726 (Fla. 3d DCA 2017). In the instant case, the trial court vacated the final judgment upon a determination that the judgment was void for lack of service of process upon JP Morgan, and "[i]t is well settled that a judgment entered without due service of process is void." Del Conte Enters., Inc. v. Thomas Publ'g Co., 711 So. 2d 1268, 1269 (Fla. 3d DCA 1998). See also Castro v. Charter Club, Inc., 114 So. 3d 1055 (Fla. 3d DCA 2013); Rodriguez-Faro v. M. Escarda Contractor, Inc., 69 So. 3d 1097 (Fla. 3d DCA 2011). Therefore, and as the trial court correctly concluded, section 702.036 is inapplicable and CWELT's reliance upon it unwarranted.

Further, the trial court properly exercised its discretion in vacating the certificate of sale and the certificate of title, as a necessary and logical extension of its prior order vacating the final judgment. In granting relief to JP Morgan from the void judgment, it would make little sense if the trial court was prohibited from granting complete relief by vacating those postjudgment orders entered in direct reliance upon and as a consequence of that now-void judgment. See Fla. R. Civ. P. 1.540(b)(5) (providing that "the court may relieve a party . . . from a final judgment, decree, order, or proceeding" where it is shown "that a prior judgment or decree upon which it is based has been reversed or otherwise vacated . . . ."). See also Austin v. B.J. Apparel Corp., 523 So. 2d 675 (Fla. 3d DCA 1988); Travelers Commercial Ins. Co. v. Harrington, 187 So. 3d 879 (Fla. 1st DCA 2016);

5

Nationsbanc Mortg. Corp. v. Gardens North Condo. Ass'n, Inc., 764 So. 2d 883 (Fla. 4th DCA 2000). CWELT has not and cannot demonstrate that the trial court's order was a gross abuse of discretion. See Phoenix Holding, LLC v. Martinez, 27 So. 3d 791 (Fla. 3d DCA 2010).

Affirmed.