DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____


EAST WINDS CONSULTING, LLC,

Appellant,

v.

SKY HARBOUR CONDOMINIUM ASSOCIATION, INC.;
JO-ANNE M. BAGER; LORI DeSTEFANO;
JOSEPH DeSTEFANO; and BECKER & POLIAKOFF, P.A.,

Appellees.


No. 2D2024-0176
_____

March 21, 2025

Appeal from the County Court for Pinellas County; Susan Bedinghaus, Judge.

Michael Farrar of Michael J. Farrar, P.A., Doral, for Appellant.

Gary M. Schaaf and Steven H. Mezer of Becker & Poliakoff, P.A., Tampa, for Appellee Becker & Poliakoff, P.A.

No appearance for remaining Appellees.


PER CURIAM.

    Affirmed.


SMITH and LABRIT, JJ., Concur.
ATKINSON, J., Dissents with opinion.

ATKINSON, Judge, Dissenting.

East Winds Consulting, LLC, appeals the trial court's order denying its motion for a determination of its entitlement to attorney's fees as sanctions under section 57.105, Florida Statutes (2023). In the motion, East Winds sought an award against nonparties Joseph and Lori DeStefano and their counsel, contending that the motion the DeStefanos filed to vacate the trial court's final judgment and certificate of sale was not supported by the necessary material facts or the application of then-existing law to the material facts. I would reverse the trial court's order because the DeStefanos' counsel knew or should have known that the claims asserted in the motion to vacate were not supported by the application of then-existing law, entitling East Winds to recover attorney's fees pursuant to section 57.105(1)(b).

## Background

Sky Harbour Condominium Association, Inc., sued Jo-Anne M. Bager to foreclose a claim of lien on her condominium unit for unpaid assessments. However, Ms. Bager had passed away. The trial court entered an order allowing Sky Harbour to amend its complaint and appointing an attorney ad litem to represent the interests of any unknown heirs to Ms. Bager's estate. The attorney ad litem filed an answer on behalf of the unknown heirs denying the allegations in the amended complaint. The trial court ultimately entered a final judgment of foreclosure in favor of Sky Harbour and scheduled a public foreclosure sale for December 21, 2022. The DeStefanos placed the highest bid and purchased the property at that sale, and they received a certificate of title on January 4, 2023.

The DeStefanos' winning bid exceeded the amount needed to pay the total amount owed to Sky Harbour, resulting in a surplus of

2

$154,206.37. East Winds filed a motion to intervene for the purpose of claiming the surplus funds, asserting that it entered into agreements with the heirs to Ms. Bager's estate providing East Winds the right to recover the surplus funds. The trial court allowed East Winds to intervene for that purpose.

On March 9, 2023, the DeStefanos—through their counsel, Becker & Poliakoff, P.A.—filed a motion to vacate the final judgment and the certificate of sale. The motion was later amended but only to modify the introductory paragraph and to add a verification from the DeStefanos that the allegations in the motion were correct. The substance of the motion was unchanged.

In the motion, the DeStefanos sought to vacate the trial court's final judgment on the basis that it was void due to defects with service of process and, consequently, they claimed that the certificate of sale "must be voided as well, as a necessary and logical extension of the order vacating the final judgment." They alternatively argued that the trial court should vacate the certificate of sale due to "multiple mistakes." As to the first mistake, the DeStefanos claimed that they relied on the attorney ad litem to identify the heirs to Ms. Bager's estate "before they bid on the Property" but that the attorney ad litem failed to do so. They argued that because those heirs "were not served with process" and at least one heir "was not even named as a Defendant," the heirs' interests in the property had "not been foreclosed" and thus the certificate of title "did not provide the DeStefanos with clean title to the Property." As to the second mistake, the DeStefanos claimed that they bid an amount "sufficient to pay both [Sky Harbour's] final judgment amount and the mortgage encumbering the Property" but that they "mistakenly believed

the surplus would be available to the mortgagee to satisfy that mortgage."

East Winds responded in opposition to the motion to vacate and, on May 20, 2023, served the DeStefanos with a motion for attorney's fees pursuant to section 57.105, arguing that the motion to vacate and the amended motion to vacate were "not supported by the material facts necessary to establish the claim or defense or would not be supported by the application of then-existing law to those material facts." The trial court held a hearing on the DeStefanos' motion on May 25, 2023. And on June 30, 2023, the trial court entered an order denying the motion to vacate.

East Winds then filed its motion for attorney's fees, seeking only a determination of its entitlement to recover attorney's fees for having to defend the DeStefanos' motion to vacate and acknowledging that the amount of fees would be determined at a later point in time. After a hearing, the trial court denied East Winds' motion in an unelaborated order.

## Analysis

East Winds argues on appeal that the trial court erred by denying its entitlement to attorney's fees under section 57.105 because the DeStefanos' motion to vacate was unsupported by fact and law. "An order denying a motion for attorney's fees and costs under section 57.105 is generally reviewed 'for an abuse of discretion, but if the trial court's determination is based on a legal conclusion, such as the interpretation of a statute or contractual provision, a de novo standard applies.' " *Van Sant Law, LLC v. Air Isaac, LLC*, 353 So. 3d 106, 108 (Fla. 2d DCA 2022) (quoting *Suarez v. Bank of N.Y. Mellon Tr. Co.*, 325 So. 3d 205, 208 (Fla. 2d DCA 2021)). In this case, the trial court's

4

determination and the parties' arguments are based on legal conclusions, so our review is de novo.

## I.

Section 57.105(1) provides that

> [u]pon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> (a)     Was not supported by the material facts necessary to establish the claim or defense; or
>
> (b)     Would not be supported by the application of then-existing law to those material facts.

§ 57.105(1). East Winds argues that "there is no right granted under statute, case, code or rule for a non-party who voluntarily joined the action as a third-party purchaser, and who would be unaffected by the judgment, to vacate the judgment." East Winds further argues that the DeStefanos raised no legally cognizable basis to vacate the certificate of sale. East Winds is correct.

The DeStefanos were not parties to the lawsuit. As nonparties, they lacked standing to vacate the final judgment. *See Thriving Invs., LLC v. Chao*, 184 So. 3d 552, 552 (Fla. 3d DCA 2015) ("The trial court properly held that the third-party purchaser was a stranger to the foreclosure action and lacked standing to vacate the final judgment of foreclosure."); *Whiteside v. Sch. Bd. of Escambia Cnty.*, 798 So. 2d 859, 859–60 (Fla. 1st DCA 2001) ("Under the general rule, one not a party to the case has no standing to request relief from the court."); *cf. Edwards v. CIT Bank, N.A.*, 306 So. 3d 217, 219 (Fla. 3d DCA 2020) ("A non-party

5

seeking to participate in a case must generally move to intervene in the proceedings."). Florida Rule of Civil Procedure 1.540(b)—the source of a trial court's authority to vacate judgments—confirms that only *parties* or the legal representatives *of parties* may file a motion to vacate a judgment. *See* Fla. R. Civ. P. 1.540(b) (providing that "[o]n motion and upon such terms as are just, the court may relieve *a party* or *a party's* legal representative from a final judgment" for certain enumerated reasons (emphasis added)); *Carlisle v. U.S. Bank, N.A.*, 225 So. 3d 893, 894 (Fla. 3d DCA 2017) ("Only 'a party or a party's legal representative' may seek relief from a final judgment pursuant to Rule 1.540(b)." (quoting *SR Acquisitions-Fla. City, LLC v. San Remo Homes at Fla. City, LLC*, 78 So. 3d 636, 638 (Fla. 3d DCA 2011))). For this reason, the DeStefanos' motion to vacate the final judgment was unsupported by the application of then-existing law, which only allowed parties or the legal representatives of parties to vacate judgments.

To be sure, decisional authority does support that a nonparty purchaser of foreclosed property may have standing under some circumstances. A nonparty purchaser may become a "quasi party" insofar as he or she may seek "relief growing out of his status as purchaser" and appeal any "adverse ruling thereon." *Miller v. Stavros*, 174 So. 2d 48, 49 (Fla. 3d DCA 1965); *see also Arsali v. Deutsche Bank Nat'l Tr. Co.*, 82 So. 3d 833, 835 (Fla. 4th DCA 2011) ("Florida's well-settled law recognizes that a third-party purchaser who is not a named party in the action becomes a quasi-party with standing to appeal an adverse ruling."). Similarly, a nonparty purchaser may have standing to intervene and defend his or her ownership interest when subject to attack. *See Carbonell LLC v. N. Am. Trading Grp., Inc.*, 49 Fla. L. Weekly D2384, D2384 (Fla. 3d DCA Nov. 27, 2024) (concluding a nonparty

purchaser "had the right to intervene to protect its ownership interest" when "the original owner [sought] to vacate the summary final judgment of foreclosure"). But neither of these principles apply in this case. No one sought relief that necessitated the DeStefanos to *defend* their ownership interest. It is not as if the lender or some other party sought to vacate the foreclosure judgment, the success of which would affect the DeStefanos' title from their purchase at the foreclosure sale. Rather, it was the DeStefanos *attacking* their own ownership interest by seeking to vacate the foreclosure judgment. And they did so based on the lender's alleged failure to serve process on the named defendants in the underlying foreclosure action, which was not a "cause for relief growing out of [their] status as purchaser[s]." *See Miller*, 174 So. 2d at 49. In other words, the DeStefanos' status as purchasers did not afford them the ability to assert rights on behalf of other parties to the underlying foreclosure case based on an alleged lack of service of process. The DeStefanos have shown no legal support for the proposition that a purchaser at a foreclosure sale with buyer's remorse has the right to collaterally attack the foreclosure judgment to which it was not a party. In short, there is no authority supporting the proposition that a nonparty purchaser has standing to vacate the underlying foreclosure judgment.

The DeStefanos' motion to vacate the certificate of sale was in part predicated upon a successful vacatur of the final judgment, so in that respect it too was necessarily unsupported by the application of then-existing law. In their motion to vacate, the DeStefanos cited *90 CWELT-2008 LLC v. Yacht Club at Portfolio Condominium Ass'n*, 245 So. 3d 925 (Fla. 3d DCA 2018), for the proposition that where a final foreclosure judgment is void for lack of service of process, the certificate of sale must be vacated. But in that case, it was a party to the underlying foreclosure

case who successfully moved to vacate the foreclosure judgment. *See id.* at 926 ("In the Association's foreclosure action, JP Morgan was named a party defendant . . . [but] was not properly served with the complaint . . . . JP Morgan moved to quash service of process and set aside the summary final judgment . . . . [T]he trial court granted the motion and vacated the final judgment . . . ."). The appellant CWELT, the purchaser of the property at the foreclose sale, was not attempting to collaterally attack the underlying foreclosure judgment to which it was not a party as the DeStefanos did in this case. Rather, CWELT was seeking to *reinstate* the foreclosure judgment and certificates of sale and title that had been vacated at the behest of one of the named parties in the foreclosure case. *See id.* at 926–27. Thus, the *90 CWELT-2008 LLC* opinion would be of no help to the DeStefanos in this case in their effort to establish that their nonparty attack on the foreclosure judgment was legally supported.

Though the DeStefanos alternatively requested the trial court to vacate the certificate of sale based on alleged mistakes, then-existing law did not support that request either. "To set aside a sale, a litigant must 'allege one or more adequate equitable factors and make a proper showing to the trial court that they exist.' " *Quest Sys., LLC v. Far*, 356 So. 3d 300, 302 (Fla. 2d DCA 2023) (quoting *Arsali v. Chase Home Fin., LLC*, 121 So. 3d 511, 518 (Fla. 2013)). "These equitable factors can include . . . [a] mistake imposed on [the] complainant," but "the law is well-established that an objection to a foreclosure sale must be directed toward conduct that occurred at, or was directly related to, the foreclosure sale." *Id.* (first quoting *Sulkowski v. Sulkowski*, 561 So. 2d 416, 418 (Fla. 2d DCA 1990); and then quoting *Venezia v. Wells Fargo Bank, N.A.,* 306 So. 3d 1096, 1097 (Fla. 3d DCA 2020)).

8

The DeStefanos first claimed there was a mistake through the attorney ad litem's failure to identify heirs to Ms. Bager's estate, which they relied upon in deciding to bid for the property. However, the trial court did not appoint the attorney ad litem for the purpose of identifying potential heirs to the estate but rather to "represent the interests" of any unknown heirs. That responsibility concerned the defense of the foreclosure case—which concluded upon the trial court's entry of final judgment—and had nothing to do with any conduct "that occurred at, or was directly related to, the foreclosure sale." *Id.* (quoting *Venezia*, 306 So. 3d at 1097).

The DeStefanos also claimed that they bid an amount under the mistaken belief that the amount would be used to satisfy both the final judgment and a mortgage on the property. Even presuming that mistaken belief to be true, the "[f]ailure to acquaint oneself with the requirements of a judicial sale cannot constitute an adequate cause to set aside the sale." *Sulkowski*, 561 So. 2d at 419 (rejecting the appellant's "unilateral misunderstanding of the requirement for a cash deposit" as a legally sufficient mistake to set aside a judicial sale); *see also Suntrust Mortg. v. Torrenga*, 153 So. 3d 952, 954 (Fla. 4th DCA 2014) ("A party cannot obtain relief from a foreclosure sale 'solely by reference to that party's own lack of diligence.' " (quoting *John Crescent, Inc. v. Schwartz*, 382 So. 2d 383, 386 (Fla. 4th DCA 1980))).

Accordingly, the claims asserted in the motion to vacate the final judgment and certificate of sale were not supported by the application of then-existing law. And because the motion was filed by counsel and unsupported by law, rather than fact, the DeStefanos' counsel knew or should have known the motion was unsupported. *See Suarez*, 325 So. 3d at 209 ("Ignorance of the law is not a basis to deny fees under section

9

57.105(1)."). East Winds was therefore entitled to recover attorney's fees pursuant to section 57.105(1)(b).

## II.

The DeStefanos have not filed an answer brief in this appeal. However, their counsel below—Becker & Poliakoff, P.A.—has appeared as an appellee on its own behalf. Counsel raises four arguments for affirmance, each of which lacks merit.

First, counsel argues in conclusory fashion that "there was a good faith basis in fact and law for proceeding." That argument can be rejected for the reasons discussed above. Even presuming the material facts to be true, the motion to vacate was unsupported by the application of then-existing law. Section 57.105 only refers to "good faith" in reference to two exceptions to an award of fees, but neither of those exceptions applies here. The first exception does not apply because no reasonable person could conclude—nor does counsel argue—that the claims raised in the motion to vacate were "presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success." § 57.105(3)(a). The second exception only applies if counsel "acted in good faith, based on the representations of his or her client as to the existence of those material facts." § 57.105(3)(b). In this case, the infirmities in the motion to vacate were issues of law and did not turn on the existence of any material facts. Perhaps more importantly, counsel does not even attempt to identify any factual representations of the clients on which it could purportedly have relied in good faith. In other words, on appeal counsel has asserted without any support or elaboration that the statutory good

10

faith exception justified the denial of fees. Nothing in the record supports this assertion.

Another argument asserted by counsel to convince this court that the DeStefanos' trial court claims were supported is itself transparently devoid of support. Counsel argues that it "could not have known that the . . . claim was unsupported as the Fourth District Court of Appeal had previously ruled in favor of similar arguments in" *Desbrunes v. US Bank National Ass'n*, 49 Fla. L. Weekly D373 (Fla. 4th DCA), *superseded on reh'g*, 385 So. 3d 158 (Fla. 4th DCA 2024), "which was later reversed en banc but initially aligned with the[ir] position on procedural issues." In the Fourth District's original opinion, the court reversed a foreclosure judgment as a legal nullity on the basis that the trial court had improperly appointed an administrator ad litem and guardian ad litem to represent the interests of any unknown heirs to the deceased mortgagor, reasoning that "[f]or a deceased party, the joinder of the estate's legal representative, such as the personal representative, is required" and that a "decedent's heirs are not legal representatives of the decedent." *Desbrunes*, 49 Fla. L. Weekly at D373. The Fourth District later granted rehearing—not rehearing en banc, as counsel mistakenly contends in its appellate brief—and affirmed the foreclosure judgment because the substitution of the deceased party with a legal representative is unnecessary when the property is the decedent's homestead, as it was in that case. *Desbrunes*, 385 So. 3d at 159.

Counsel is correct insofar as the Fourth District's original *Desbrunes* opinion might have supported the conclusion that the foreclosure judgment in this case should have been vacated as a legal nullity because the trial court failed to substitute the property owner's legal representative as the party defendant. Even so, the *Desbrunes*

11

opinion does not help them in this appeal. The DeStefanos filed the motion to vacate on March 9, 2023; the hearing occurred on May 25, 2023; and the trial court denied the motion on June 30, 2023. The Fourth District did not issue its original *Desbrunes* opinion until February 14, 2024. *See Desbrunes*, 49 Fla. L. Weekly at D373. Thus, based on timing alone, *Desbrunes* was not "then-existing law" at the time the motion to vacate was filed, heard, or decided such that it could have provided legal support for the motion. *See* § 57.105(1)(b). Moreover, even if *Desbrunes* had been then-existing law when the DeStefanos pursued the motion to vacate, the motion would still have been unsupported by law because nothing in the *Desbrunes* opinion authorizes nonparties to vacate a final judgment.

Additionally, counsel argues that the absence of a transcript from the hearing on East Winds' motion for attorney's fees renders the record inadequate for appellate review. The absence of a transcript ordinarily precludes the appellate court from "properly resolv[ing] the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternate theory." *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979). But that principle does not apply where, as in this case, the issues raised by the parties implicate issues of law based on undisputed facts that are apparent from the record. *See Fish Tale Sales & Serv., Inc. v. Nice*, 106 So. 3d 57, 63 (Fla. 2d DCA 2013) ("[B]ecause there is no factual dispute in this case, *Applegate* is inapposite."); *Martin v. Dep't of Revenue ex rel. Martin*, 827 So. 2d 367, 368 (Fla. 2d DCA 2002) ("*Applegate* is inapposite because there is no factual dispute in this case; the issue is whether Martin's amended petition is timely as a matter of law."); *Evans v. Diaz*, 365 So. 3d 1176, 1178 (Fla. 4th DCA 2023) ("While the appellant has not

12

provided a transcript of the hearing on the motion to enforce the settlement, this is not fatal to appellate review when the error appears on the face of the record."); *MTGLQ Invs., L.P. v. Merrill*, 312 So. 3d 986, 993 (Fla. 1st DCA 2021) ("*Applegate* holds that lack of a transcript *can* prevent meaningful appellate review.  It does not mean that absence of a transcript is always fatal to an appeal.  Instead, the issue is whether the appeal turns on dispositive questions of fact that were, or could have been, established only in the proceedings not transcribed.  That is not the case here, where Borrower does not assert that any dispositive question of fact was resolved at the initial, untranscribed telephonic hearing."); *Rollet v. de Bizemont*, 159 So. 3d 351, 357 (Fla. 3d DCA 2015) ("Where the hearing at issue is non-evidentiary and consists only of legal argument, the failure to provide a transcript is not necessarily fatal to appellate review.").

In this case, the issue of whether the DeStefanos or their counsel knew or should have known that the motion to vacate was unsupported by then-existing law can be resolved by reference to undisputed facts in the record.  It is undisputed that the DeStefanos were nonparties to the underlying lawsuit, meaning they were not in the class of persons who were authorized to file motions to vacate judgments under then-existing law.  Moreover, what the DeStefanos asserted as grounds to vacate the certificate of sale is not in dispute, as those arguments are memorialized in the motion to vacate that appears on the face of the record.  And under then-existing law, those grounds were not legally cognizable grounds to vacate a foreclosure sale.  Thus, a transcript from a nonevidentiary hearing is unnecessary to reach the conclusion in this case that the trial court erred by denying East Winds' entitlement to attorney's fees under section 57.105(1)(b).  *Cf. Overture Realty, LLC v.*

13

*City of Madeira Beach*, 357 So. 3d 221, 223 & n.1 (Fla. 2d DCA 2023) (concluding that the absence of a transcript from a show-cause hearing in an expedited foreclosure case did not preclude reversal because the defendant's "verified answer and affirmative defenses" filed in the record "raised genuine issues of material fact" that "preclude[ed] resolution via an expedited summary foreclosure proceeding"); *Ferry v. E-Z Cashing, LLC*, 361 So. 3d 905, 907 (Fla. 2d DCA 2023) (concluding the absence of a hearing transcript did not impede appellate review of legal issues concerning a note, mortgage, and assignment of leases and rents); *Reyes v. BAC Home Loans Servicing L.P.*, 226 So. 3d 354, 356 (Fla. 2d DCA 2017) (concluding that the absence of a hearing transcript did not impede appellate review of the trial court's order denying leave to amend affirmative defenses and granting summary judgment); *Cornelius v. Holzman*, 193 So. 3d 1029, 1031–32 (Fla. 4th DCA 2016) (concluding that a "hearing transcript is unnecessary for us to review the issues raised" where the record demonstrated that the lender filed a rule 1.540(b) motion more than one year after the final judgment).

The cases cited by counsel in support of its argument that a hearing transcript impedes appellate review are inapposite. Counsel cites *Lanson v. Reid*, 314 So. 3d 385 (Fla. 3d DCA 2020), for the proposition that in the absence of a hearing transcript "the trial court's findings must be presumed correct." *Id.* at 388 n.4 (citing *Applegate*, 377 So. 2d at 1152). The trial court in this case made no factual findings, and no factual determinations were necessary for the trial court's resolution of the case, so there are no such factual findings for this court to presume correct. More fundamentally, transcript or no transcript, the *decision* of a trial court always bears a presumption of correctness, which is why the appellant in every appeal bears a burden to demonstrate

14

reversible error. *See Applegate*, 377 So. 2d at 1152. The pertinent question is not whether a transcript exists, but whether a transcript is necessary to comprise an adequate record for the appellant to overcome that presumption and demonstrate reversible error. There is no "one-size-fits-all formula" for comprising an adequate record in every case. *See Fay v. Craig*, 99 So. 3d 981, 982 (Fla. 5th DCA 2012) ("Indeed, depending on the issue(s), an appeal may proceed on the merits with a partial transcript or no transcript at all."). Based on the legal issues implicated in this case, a transcript is unnecessary for East Winds to establish reversible error.

Counsel also misplaces reliance on *Raza v. Deutsche Bank National Trust Co.*, 100 So. 3d 121 (Fla. 2d DCA 2012), which involved appellate review of the trial court's discretionary decision at a hearing concerning the *amount* of prevailing party attorney's fees to be awarded, including the question of whether Mr. Raza met his "evidentiary burden" to "prove a reasonable fee." *Id.* at 125. This court noted that "even if Mr. Raza did present sufficient evidence [to prove a reasonable amount of attorney's fees], the amount of fees remains in the trial court's discretion." *Id.* at 126 (citing *DiStefano Constr., Inc. v. Fid. & Deposit Co. of Md.*, 597 So. 2d 248, 250 (Fla. 1992)). But the only way this court could review the trial court's exercise of its discretion in that case was to "look to the record to determine if 'there [was] competent substantial evidence which support[ed] the trial court's order under the totality of the circumstances.' " *Id.* (quoting *Grapski v. City of Alachua*, 134 So. 3d 987, 989 (Fla. 1st DCA 2012)). Because the appellant failed to produce a transcript from the hearing at which the trial court considered the evidence and exercised its discretion to deny the motion and award no fees, the absence of a transcript impeded appellate review. *Id.* at 126–27.

15

And because the trial court's order was otherwise not facially erroneous, this court affirmed. *Id.* at 127. Unlike the fee *amount* dispute in the *Raza* opinion, in this case a transcript was not necessary for appellate review of East Winds' *entitlement* to fees because that legal question is not fact-dependent under the circumstances in this case.

Counsel's reliance on *Bank One, Corp. v. Bornschein*, 987 So. 2d 172 (Fla. 4th DCA 2008), is also misplaced. In *Bornschein*, the Fourth District affirmed a trial court's order denying a motion for attorney's fees:

> The appellant challenges the trial court's denial of his motion for attorney's fees based upon both an offer of settlement and section 57.105, Florida Statutes. While the order does not make any findings of fact as to whether the offer qualified or was made in good faith, such findings are not required under the offer of judgment statute. *Evans v. Piotraczk*, 724 So. 2d 1210, 1213 (Fla. 5th DCA 1998). There is no transcript of the hearing where the court denied the motion, and we cannot determine whether the trial court's ruling was an abuse of its discretion. Without this we must affirm. *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979).

*Id.* at 172. The above quotation is the entirety of the *Bank One* opinion. Of what little context the opinion does provide—other than that the appellant sought fees under section 57.105—it indicates there was a factual dispute regarding whether the underlying offer of settlement was made in good faith, a matter that typically would require a hearing transcript for appellate review of the issue. *See Applegate*, 377 So. 2d at 1152. As discussed above, counsel's inchoate reference to good faith in its appellate brief in this case implicates no factual dispute that would require review of a hearing transcript.

Counsel's final argument for affirmance is that East Winds served the motion for attorney's fees "*less* than 21 days before the hearing on the Motion to Vacate," so they "were not provided with the 21-day safe

16

harbor period to consider the [motion for attorney's fees], prior to the hearing." But section 57.105 does not impose any timing requirement for the service of a fee motion relative to a hearing on the challenged claim or defense. "A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." § 57.105(4). Here, the DeStefanos did not withdraw or correct their motion to vacate within twenty-one days of being served with East Winds' motion for attorney's fees, which statutorily authorized East Winds to file the motion. Even though the hearing on the DeStefanos' motion to vacate occurred within that twenty-one-day period, there was no reason why the DeStefanos could not have withdrawn their motion after the hearing.

### Conclusion

Often appeals from orders on motions for fees as sanctions present under circumstances requiring this court to show deference to the trial court's determination under an abuse of discretion standard of review. This is not such an appeal. To the contrary, the legal issues determinative of this appeal require de novo review and deference to the mandate in section 57.105 that

> the court *shall* award a reasonable attorney's fee . . . on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial . . . [w]ould not be supported by the application of then-existing law to th[e] material facts.

§ 57.105(1)(b) (emphasis added). The trial court erred by denying East Winds' motion to determine its entitlement to attorney's fees. Therefore, I

17

would reverse the trial court's order and remand for the trial court to determine the reasonable amount of attorney's fees to be awarded, which should be assessed only against the DeStefanos' counsel. *See* § 57.105(3)(c) (providing that monetary sanctions may not be awarded under section (1)(b) "against a represented party"); *Santiago v. Sunset Cove Invs., Inc.*, 198 So. 3d 658, 661 (Fla. 2d DCA 2015) ("[B]ecause we base the award of appellate attorney's fees on section 57.105(1)(b), the fees may only be awarded as against Santiago's counsel."). As such, I respectfully dissent from majority's decision to affirm.

———————————————

Opinion subject to revision prior to official publication.